James J. CUMMINS, Plaintiff,

v.

EG & G SEALOL, INC., Defendant.

Civ. A. No. 87–0114 L.

United States District Court,
D. Rhode Island.

Oct. 14, 1988.

A. Lauriston Parks and Raymond A. Marcaccio, Providence, R.I., for plaintiff.

David Rapaport, Boston, Mass., Frederick Cass, Providence, R.I., for defendant.

## OPINION AND ORDER

LAGUEUX, District Judge.

This matter is presently before the Court on defendant EG & G Sealol, Inc.'s ("Sealol") motion to amend an interlocutory order so as to certify it for immediate appellate review pursuant to 28 U.S.C. § 1292(b).

Plaintiff James J. Cummins ("Cummins"), a former Sealol employee, originally instituted this action for wrongful termination, claiming age discrimination. Recently, Cummins sought leave to amend his complaint to include a state common law tort claim alleging retaliatory discharge by Sealol for Cummins's refusal to participate in allegedly illegal conduct and for complaining of such conduct to his superiors. Though it is not certain that Rhode Island recognizes a tort cause of action for retaliatory discharge of an employee-at-will for whistleblowing, this Court granted Cummins's motion to amend his complaint. 690 F.Supp. 134 (D.R.I.1988). Sealol now seeks immediate review of this Court's decision and requests certification of the order to the United States Court of Appeals for the First Circuit.

The issue here is whether a district court should grant § 1292(b) certification of an interlocutory order concerning only one count in a two count case, where that order concerns a question of state law that will likely be certified to the state supreme court for clarification. This Court holds that the extraordinary procedure of § 1292(b) certification is improper in the present case for three reasons. First, the instant matter is not the type of complex and prolonged litigation that would justify § 1292(b) review. Second, in a relatively simple multi-count case, certification of an order that does not affect all of the claims is improper. Third, even were this a single count action, pretrial certification of a disputed state law issue is inappropriate when it is likely that the issue, if it is not rendered moot, will be certified to the state supreme court for consideration. For these reasons Sealol's motion to amend the order to include a § 1292(b) certification is denied.

## BACKGROUND

Sealol employed Cummins from February of 1982 until it terminated his employment effective January 27, 1986. At the time of his discharge, Cummins was the Director of Business Development for Sealol. On March 2, 1987, having exhausted his administrative remedies, Cummins filed a single count complaint in this Court alleging that Sealol had intentionally discriminated against him because of his age. In response, Sealol filed an answer denying Cummins's allegation. In essence Sealol claimed that it discharged Cummins for reasons other than age.

On March 30, 1988, after months of discovery, Cummins filed a motion to amend his complaint. Cummins sought to add a second count claiming that he had been wrongfully terminated for refusing to engage in illegal conduct and for whistleblowing. Cummins maintains that Rhode Island recognizes a cause of action, sounding

in tort, for retaliatory discharge. This motion was filed pursuant to Fed.R.Civ.P. 15(a), and federal jurisdiction rests on the doctrine of pendent jurisdiction.

In his amended complaint, Cummins reavers his cause of action for age discrimination in Count I. In Count II, Cummins alleges that in June of 1983 he became aware that Sealol was using inflated prices on certain defense contracts which were for the production of equipment. Cummins claims that he was fired, either in whole or in part, because he criticized Sealol's purportedly illegal pricing practices and refused to participate in conduct that would perpetuate them. Maintaining that termination for this reason is "contrary to the public policy of the United States and the State of Rhode Island," Cummins claims that he has a cause of action for wrongful discharge under Rhode Island state law.

On April 13, 1988, Sealol filed an opposition to Cummins's motion to amend. Sealol earnestly contended that Rhode Island does not recognize a common law action for retaliatory discharge. This Court then heard oral argument and subsequently took the matter under advisement. By an Opinion and Order dated June 30, 1988, 690 F.Supp. 134, this Court held that while it is a close question of law, Rhode Island does implicitly recognize an action sounding in tort for retaliatory discharge. Therefore, Cummins's motion to amend was granted.

Subsequently, on August 3, 1988, Sealol filed a motion to amend the June 30, interlocutory order to include a statement certifying the order for prompt appellate review pursuant to § 1292(b). In essence, Sealol seeks to have this Court's determination that Rhode Island recognizes the tort of retaliatory discharge overturned immediately through an interlocutory appeal. Section 1292(b), which governs permissive interlocutory appeals, requires that a district judge certify an order for appellate consideration before a court of appeals will determine whether to review the order.[1]

Cummins filed an objection to Sealol's motion to amend. On August 26, 1988, this Court heard oral argument on the motion and took the matter under advisement. It is now in order for decision.

## DISCUSSION

Certification for appellate review of an interlocutory order pursuant to § 1292(b) is to be granted only in very rare cases. Generally, the federal courts strictly adhere to the final judgment rule under which only final resolutions of litigation are appealable. Section 1292(b) provides an exception to the rule but sets a stringent, three-prong test to be satisfied before permitting interlocutory appeals. Sealol's motion to amend fails for several reasons under § 1292(b) analysis. First, this case is not the type of protracted litigation that justifies piecemeal appeals. Second, because Sealol is seeking review of an order affecting only one count of a two count complaint in this relatively simple case, certification would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Finally, since the dispute concerns an issue of state law, § 1292(b) certification is improper.

As noted, the interlocutory decision that Sealol seeks to have certified for immediate review, is the grant of Cummins's motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For all practical purposes, Sealol's opposition to Cummins's motion to amend is equivalent to a motion to dismiss Count II for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). While this Court might simply note that Rule 15(a) motions are liberally granted and thereby dispose of Sealol's cer-

---

1. 28 U.S.C. § 1292(b), Interlocutory decisions, provides in part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and ·that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

tification motion, the sensible course is to treat Sealol's § 1292(b) request as though it concerned a motion to dismiss, and thus meet the certification issue head-on.

## A. Legal Landscape

Generally, federal law abhors piecemeal appeals disputing interlocutory district court orders. Therefore, the federal courts adhere to the final judgment rule contained in 28 U.S.C. § 1291. However, three major statutory exceptions to the final judgment rule exist. One of these is § 1292(b) which grants broad discretion to both district court and appellate court judges. Designed to ameliorate some of the hardship occasionally engendered by the final judgment rule, § 1292(b) has a three-pronged test that those seeking certification must meet. Of particular importance in this case is the prong that demands that an interlocutory appeal materially advance the ultimate termination of the litigation.

The final judgment rule is a doctrine under which appeals are allowed only after a trial court has resolved all issues involved in a given case.

> An often quoted definition of a final judgment is an order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." [*Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).] The important distinction to be drawn is between an order that is final as to the particular issue at hand and one that concludes the litigation on the merits. The former is interlocutory and not subject to an immediate appeal; it may be reviewed only after the entire lawsuit is concluded.

J. Friedenthal, M. Kane, and A. Miller, *Civil Procedure*, 580 (1985) (footnotes omitted) (hereinafter *"Civil Procedure"*). The final judgment rule is a type of housekeeping measure that determines when an interlocutory order may be reviewed. Thus, interlocutory orders are ultimately

reviewable, but not immediately appealable. *Id.*

The rationale supporting the final judgment rule is grounded in a desire to achieve judicial economy and efficiency. *Id.* at 581. The First Circuit has discussed the reasoning underlying the rule as follows:

> Perhaps there is always some hardship caused by the application of the "final decision" rule. Yet the rule is beneficial in most applications, because piecemeal appeals would result in even greater hardships and tremendous additional burdens on the courts and litigants which would follow from allowing appeals from interlocutory orders on issues that might later become moot.

*In Re Heddendorf,* 263 F.2d 887, 889 (1st Cir.1959). Moreover, by "avoiding interlocutory appeals, the trial process may proceed more rapidly, for it will not have to be stalled while waiting for an appellate ruling on some point." *Civil Procedure, supra* at 581.

The Supreme Court has recognized two non-statutory exceptions to the final judgment rule. The first is the collateral order doctrine which permits interlocutory review of trial court orders that determine matters collateral to the rights underlying an action, "when they have a final and irreparable effect on the rights of the parties." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *see generally Civil Procedure, supra* at 587–90. The Supreme Court developed the second exception in *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848). The *Forgay* exception is very narrow and applies only when a trial court has ordered a party to act and the order will result in an irremediable change in the positions of the parties. Section 1292(a)(1) of 28 U.S.C. has, to an extent, made the *Forgay* exception obsolete, since it allows interlocutory review of orders concerning injunctions.[2]

---

**2.** 28 U.S.C. § 1292(a)(1) provides in part:
 [T]he courts of appeals shall have jurisdiction of appeals from ... [i]nterlocutory orders ... granting, continuing, modifying, refusing or

dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court ...

Congress has created three significant statutory exceptions to the final judgment rule in the federal system with respect to interlocutory orders. *See generally Civil Procedure, supra* at 590–597. First, 28 U.S.C. § 1292(a) permits immediate appellate review of certain orders concerning injunctions, affecting receiverships, and involving admiralty litigation. Second, the federal All Writs Statute, 28 U.S.C. § 1651, authorizes a form of intermediate appellate review through the extraordinary writs of mandamus and prohibition. *Civil Procedure, supra* at 595; *See generally In re Sewell*, 690 F.2d 403 (4th Cir.1982); *Evans Elec. Const. Co. v. McManus*, 338 F.2d 952 (8th Cir.1964). *But see In Re Sylvania Electric Products*, 220 F.2d 423 (1st Cir. 1955). However, use of the extraordinary writ is very limited in the federal system. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). Finally, § 1292(b) permits interlocutory appeals in rare circumstances, subject to district and appellate court discretion.

Section 1292(b) establishes a three-part test for determining the reviewability of interlocutory orders. A party seeking review must demonstrate that the order 1) "involves a controlling question of law," 2) "to which there is substantial ground for difference of opinion," 3) "and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Of key importance in the instant matter is the third, "materially advance" prong. One moving for review under § 1292(b) must convince both the district court and the court of appeals that his motion satisfies all three factors, and such decisions involve the use of a great deal of discretion. *Bank of New York v. Hoyt*, 108 F.R.D. 184, 190 (D.R.I.1985).

B. Exceptional Nature of § 1292(b) Certification: Interlocutory Review of Order Permitting the Amendment of Cummins's Complaint is Improper

■ The purpose of § 1292(b) is to give the judiciary flexibility in ameliorating the sometimes harsh effects of the final judgment rule. As the Court of Appeals for the Third Circuit has held:

Section 1292(b) was the result of dissatisfaction with the prolongation of litigation and with harm to litigants uncorrectable on appeal from a final judgment which sometimes resulted from strict application of the federal final judgment rule.

*Katz v. Carte Blanche Corporation*, 496 F.2d 747, 753 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). As several courts have indicated, however, Congress intended that § 1292(b) be used only in exceptional circumstances.

It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3rd Cir.1958); *see also In Re Heddendorf*, 263 F.2d at 888.

An extensive body of case law indicates that § 1292(b) review should only be granted in rare cases where the saving of costs to the litigants and increase in judicial efficiency is great. As then Court of Appeals Judge John Paul Stevens noted in a 1972 Seventh Circuit opinion, "the interlocutory appeal procedure '[is to] be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases,....'" *Fisons Limited v. United States*, 458 F.2d 1241, 1245 n. 7 (7th Cir.) (citing a letter from the Administrative Office of the U.S. Courts appended to the Senate Committee Report on § 1292(b)) *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972). Similarly, the Third Circuit noted in *Milbert* that § 1292(b) should not be used in ordinary litigation, but that interlocutory appeals may be necessary " 'in long-drawn-out cases such as antitrust and conspiracy cases....'" 260

F.2d at 433 (quoting House Report No. 1667, 85 Cong.2d Sess., pp. 1, 2).

Closer to home, the First Circuit has held that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances...." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n. 1 (1st Cir.1984); *see also Oskoian v. Canuel*, 264 F.2d 591, 594 (1st Cir.1959); *In Re Heddendorf, supra*. *McGillicuddy* involved an order denying a motion to dismiss a multi-count complaint that alleged defamation, interference with contract, violation of due process and first amendment rights, and the existence of a conspiracy. The Court of Appeals, while it reversed the district court judge, held that it should not have considered the interlocutory appeal in the first place. The Court held:

> We wish to point out that we would not normally allow an appeal from a denial of a motion to dismiss, and, with the benefit of hindsight, we admit our error in doing so in this case.

*McGillicuddy* at 76 n. 1. Thus, while the First Circuit held that the § 1292(b) movant should prevail on the merits of its claim, interlocutory review was a mistake and the movant should have been compelled to wait until after the trial court had entered a final judgment.

As previously noted, Sealol's opposition to Cummins's motion to amend his complaint to add the state retaliatory discharge claim is essentially in the nature of a motion to dismiss the state claim. Clearly, the First Circuit has held that an order denying a motion to dismiss is not the proper subject for § 1292(b) review. Moreover, the multiple counts that the movant in *McGillicuddy* sought to have dismissed would likely be more costly and take more time to bring to a verdict in the trial court, than the single count involved in the instant motion. Therefore, *McGillicuddy* presented a more compelling case for the use of § 1292(b) certification than the case at bar, and yet the First Circuit stated that interlocutory review was improper there.

The present action is not the type of complex, protracted litigation for which § 1292(b) certification is appropriate.

Rather than face the added expense and delay endemic to an appeal, it is more efficacious, both for the courts and the litigants, to reach a final judgment at the trial level. If appeal is necessary as to the retaliatory discharge issue after trial, it may be taken at that point; however, it is very possible that the issue will become moot, and that the Court of Appeals will never be required to consider the problem at all. *See In Re Heddendorf*, 263 F.2d at 889.

A number of ways in which the retaliatory discharge issue could become moot exist. First, a jury could rule against Cummins on his claim. Second, Count I, the age discrimination count, could be disposed of through summary judgment or a directed verdict leaving only the pendent state retaliatory discharge claim. This Court might then dismiss the remaining state claim. Third, the Rhode Island Supreme Court could issue an opinion clearly resolving the state law question at issue here before this case reaches a final judgment. Finally, if a jury decides in Cummins's favor as to the retaliatory discharge claim, it is quite likely that this Court will then certify the issue, clearly framed by a factual determination at trial, to the Rhode Island Supreme Court pursuant to Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure. Under any of these scenarios, the instant issue would be rendered moot and the Court of Appeals would not need to decide the question.

As previously noted, § 1292(b) decisions are truly discretionary.

> As the legislative history indicates, the appeal is discretionary rather than a matter of right. It is discretionary in the first instance with the district judge.

*Bank of New York v. Hoyt*, 108 F.R.D. at 190 (citations omitted). Moreover, "where cases are close to trial, courts are understandably reticent to grant interlocutory certification." *Id.* at 189 (citations omitted). Finally, the movant bears the burden of persuasion under § 1292(b). *Fisons Limited v. United States*, 458 F.2d at 1248; *Bank of New York v. Hoyt*, 108 F.R.D. at 190.

This Court finds that Sealol has failed to carry its burden of demonstrating to the Court's satisfaction that this is the type of exceptional matter that justifies § 1292(b) certification. In light of the fact that discovery has already progressed for over a year in Cummins's suit—albeit not directly concerning the retaliatory discharge claim—this Court hesitates to interrupt the current proceedings. This Court finds that an intermediate appeal would likely save neither time nor expense, "would doubly burden both the appeals court and the litigants, and would unjustifiably forestall the commencement of trial...." *Bank of New York v. Hoyt,* 108 F.R.D. at 189.

### C. State Law Issue

■ The present § 1292(b) motion is unusual in that the order that Sealol seeks to have certified involves a purely state law issue. As such, little case law exists on the subject. After careful consideration, this Court holds that it is improper to certify a question of state law to the United States Court of Appeals for interlocutory review. Since this Court is likely to certify the retaliatory discharge issue to state court should that be necessary after a full trial, § 1292(b) certification is inappropriate. Furthermore, delaying certification to state court until after trial is the best course to take because it will provide the Rhode Island Supreme Court with a fully developed factual basis upon which to rule, and avoids the danger of certifying a question which may be rendered moot through further litigation.

If, on the other hand, this Court were to grant § 1292(b) certification, the First Circuit Court would find itself in no better position to make a determination concerning state law than this Court now finds itself. In fact, it is quite likely that the Court of Appeals, should it accept the interlocutory appeal, would feel compelled to itself certify the state law issue to the Rhode Island Supreme Court. The delay that would be caused by such a circuitous certification route, of an issue that may become moot, would be inefficient for the courts involved and unfair to the litigants.

The parties failed to cite any authority concerning state law issues and § 1292(b), but this Court was able to find two cases in which a party sought § 1292(b) review of an interlocutory order involving a controlling issue of state law. *Perkins v. F.I.E. Corp.,* 762 F.2d 1250 (5th Cir.1985); *Shocket Securities, Inc. v. First Union Corp.,* 663 F.Supp. 1035 (S.D.Fla.1987). In both cases, the district court involved granted § 1292(b) certification. *Id.* This Court disagrees with these results for reasons that will shortly become clear through an examination of the history of *Perkins.*

*Perkins* was a consolidated appeal of two products liability suits brought by a victim and the survivor of a victim of criminal shootings. The defendants in these diversity actions were the manufacturers of inexpensive handguns. Plaintiffs, in pursuing their claims, relied on two theories of Louisiana State law—that selling guns is an ultrahazardous activity giving rise to absolute liability, and that the handguns were unreasonably dangerous products giving rise to strict products liability. 762 F.2d at 1252.

In both cases the defendant manufacturers moved for summary judgment as to each theory of liability. *Id.* at 1253. In one case the trial court granted summary judgment on both counts without a written opinion and appeal was taken. *Id.* In the second case, the district judge granted summary judgment as to the "Louisiana law of products liability" claim, but denied summary judgment as to the ultrahazardous activity claim. *Id.* The District Court held that the silence of the Louisiana legislature, "prevents the Court at this point from telling the plaintiff that she is without a legal remedy." *Richman v. Charter Arms Corp.,* 571 F.Supp. 192, 209 (E.D.La. 1983). Moreover, the Judge wrote, "[t]he Court cannot say that there is no genuine dispute about material facts." *Id.* He immediately certified all questions of law to the Fifth Circuit Court of Appeals pursuant to § 1292(b). *Perkins,* 762 F.2d at 1253–54.

The Court of Appeals then consolidated the two actions into one appeal, and certi-

fied the state law issues to the Louisiana Supreme Court for resolution. *Perkins v. F.I.E. Corp.*, 743 F.2d 262 (5th Cir.1984). Alas, the Louisiana Supreme Court, with little comment, refused to accept certification. *Perkins v. F.I.E. Corp.*, 460 So.2d 1039 (La.1984). Thus, the Fifth Circuit was once again left with the Louisiana law issues sitting squarely in its lap. In the end, the Court of Appeals granted the defendants summary judgment concerning both theories of recovery. 762 F.2d at 1274.

The awkward progression of *Perkins* illustrates the problems endemic in § 1292(b) certification of state law issues. The Fifth Circuit Court of Appeals found itself in no better position than the district court judge in determining Louisiana state law. Therefore, it was forced to certify the issue to the state court, thereby causing further delay. Of course in *Perkins*, after yet more delay, the Fifth Circuit was compelled to decide the state law issue anyway. Had the Fifth Circuit held that a cause of action did exist, remand to the district court would have been necessary with the possibility of another appeal regarding other issues after a final judgment. The delay created in *Perkins* occurred before a factual determination had even been made. Therefore, it is entirely possible that a jury would have found against the plaintiffs at trial and that the whole issue would have been moot. While wasted time and money are always a possibility with interlocutory appeals, the danger is greatly exacerbated when certification to a state court is likely. Section 1292(b) must not be used to transmogrify a legitimate cause of action into a legal pinball bouncing from court to court in the federal and state judicial systems. Therefore, § 1292(b) certification of Cummins's state retaliatory discharge claim must be denied.

## D. Multiple Counts

 If the pending case involved only the retaliatory discharge issue, interlocutory appeal would be improper for the two reasons previously discussed—that the case is not the exceptional type justifying a retreat from the final judgment rule and that uncertain issues of state law should

not be certified under § 1292(b). Even if this were not the case, however, interlocutory certification would still be inappropriate because this case involves multiple counts only one of which could possibly be resolved by an immediate appeal. Therefore, Sealol's motion fails to meet the "materially advance" prong of the tripartite § 1292(b) test, and certification is improper. *See McNulty v. Borden, Inc.*, 474 F.Supp. 1111, 1120–22 (E.D.Pa.1979) (certification of antitrust and breach of contract claims is improper in three count action where trial would still be necessary as to remaining defamation claim).

As an initial matter, Sealol maintains that Count I, the age discrimination count, is meritless and will shortly be eliminated through summary judgment. Sealol thus argues that certification may materially advance the ultimate termination of the litigation because it will eliminate Count II, leaving only Cummins's doomed age discrimination claim. This Court finds Sealol's contention unpersuasive.

*In Re Magic Marker Securities Litigation*, 472 F.Supp. 436 (E.D.Pa.1979), involved an argument similar to that advanced by Sealol. In *Magic Marker*, a party brought a private securities fraud class action under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. *Id.* at 437. Defendants sought dismissal on the grounds that § 10(b) and Rule 10b–5 do not permit private damage actions. *Id.* While denying defendants' motion to dismiss the § 10(b) and 10b–5 claims, the trial judge suggested that plaintiffs should amend their complaint to add a claim under § 9(e) of the 1934 Act, 15 U.S.C. § 78i(e), as a backup in case the judge was in error regarding the § 10(b) and 10b–5 issues. *Id.* The plaintiffs did so.

Then defendants moved to amend the District Court's order to include a § 1292(b) certification as to the § 10(b) and 10b–5 issues. Defendants argued that the § 9(e) claim was time-barred and would be eliminated by a motion to dismiss that would be filed later. *Id.* at 439. As Sealol now claims, the *Magic Marker* defendants ar-

gued that a § 1292(b) appeal might materially advance the ultimate termination of the securities litigation since it might dispose of the disputed 10(b) and 10b–5 claims while leaving only the unviable § 9(e) claim. *Id.*

The District Court rejected defendants' argument and refused to grant interlocutory certification on the grounds that defendant had failed to show that immediate review might materially advance the ultimate termination of litigation. The District Judge held:

> [T]he moving party should come forward with something more than mere conjecture in support of his claim that certification may save the court and the parties substantial time and expense. ...
>
> ... I [ ] see nothing more than conjecture in defendants' prediction that an immediate appeal (and a ruling that plaintiffs are limited to the section 9(e) remedy) might obviate the need for a trial. That conjecture cannot support a conclusion that the desired interlocutory appeal might materially advance the termination of this litigation.

472 F.Supp. at 439.

This Court finds the *Magic Marker* reasoning compelling. Therefore, the Court will not treat Sealol's motion to certify as though Cummins's age discrimination claim no longer existed. In the first place, whether Sealol will even move for summary judgment is uncertain. Most importantly, Sealol's claim that it will prevail on a possible future summary judgment motion as to the age discrimination claim is merely conjectural at best.

Sealol would bear a heavy burden in attempting to obtain summary judgment as to Cummins's age discrimination claim. Not only would Sealol be compelled to prove that no material issues of fact exist as to Count I, but it would also have to demonstrate that the law, when viewed in the light most favorable to Cummins, justifies summary judgment. Fed.R.Civ.P. 56. This Court is unconvinced that Sealol's possible success in a possible future motion for summary judgment is all but a foregone conclusion; however, it is neither nec-

essary nor proper for a district court to engage in such guesswork. If Sealol wanted § 1292(b) certification, it should have moved for summary judgment before now.

As to the multiple count issue itself, this Court adopts the following reasoning.

> Where the order complained of is failure to dismiss a claim, an interlocutory appeal is appropriate only where inclusion of that claim significantly increases the complexity and duration of trial or pretrial proceedings. Such an increase is most likely where the claim in question has no issues in common with the other claims.

Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv.Law Rev. 607, 621–22 (1975). This rationale was applied in *McNulty v. Borden, supra.*

*McNulty* is a case similar to the instant dispute. In *McNulty* a former employee sued his former employer for wrongful discharge. 474 F.Supp. at 1113. Yet, *McNulty* differs from the Cummins case in that McNulty was employed under contract, whereas Cummins was merely an employee-at-will. In that action, plaintiff alleged that he was fired for refusing to engage in allegedly criminal conduct that violated federal antitrust laws. McNulty brought a three count complaint alleging antitrust violations, breach of contract, and defamation. *Id.* at 1113–15. Defendant moved for dismissal pursuant to Rule 12(b)(6) Fed.R.Civ.P. When this motion was denied, defendant moved for reconsideration or for § 1292(b) certification as to only the antitrust and contract counts. *Id.* at 1120.

The District Court Judge denied certification because of the existence of the defamation count. The Court held as follows:

> [I]n this particular case immediate appeal will not materially advance the ultimate termination of the litigation, particularly since there is a third count in this complaint—the defamation claim.... The trial of the defamation portion of this action will involve substantially the same evidence as will be required for the trial of counts 1 and 2. An immediate appeal

therefore does not eliminate the necessity for trial nor does it appear that it would significantly simplify or abbreviate trial.

*McNulty,* 474 F.Supp. at 1121–22; *see also Magic Marker, supra.*

In reliance on the above cited authority, this Court finds that certification of an interlocutory order affecting only a portion of Cummins's claim is inappropriate. First, Cummins's two counts have issues in common with one another. For example, it is very likely that evidence will be submitted at trial that concerns the quality of Cummins's job performance. Furthermore, the parties have already conducted extensive discovery concerning the circumstances surrounding Cummins's dismissal. While some additional discovery regarding the retaliatory discharge claim may be necessary, it will not be so substantial as to justify an interlocutory appeal. Finally, it would be more expedient to incur several extra days of trial regarding the retaliatory discharge claim than to have immediate appellate review. For all these reasons, Sealol's motion must be denied.

## CONCLUSION

This Court's order of June 30, 1988 granting Cummins's motion to amend his complaint is not the type of exceptional interlocutory order for which § 1292(b) certification is appropriate. First, the instant suit is not the type of complex and protracted litigation that would justify departing from the final judgment rule. Second, § 1292(b) certification of a purely state law issue is not expedient. Finally, certification of an order affecting only one count of Cummins's two count complaint is improper as it does not satisfy the third, "materially advance" prong of the § 1292(b) test.

For the reasons stated herein, Sealol's motion to amend the order of June 30, 1988 to include § 1292(b) certification is hereby denied.

IT IS SO ORDERED.