**534**

THOMPSON TRADING LTD., Plaintiff,

v.

ALLIED LYONS PLC, Allied Breweries Ltd., Allied Breweries Overseas Trading Ltd., Hiram Walker–Gooderham & Worts, Ltd. and Associated Importers Inc., Defendants,

v.

William THOMPSON, Counterclaim Defendant.

Civ. A. No. 88–0333 L.

United States District Court, D. Rhode Island.

March 13, 1989.

Charles P. Cavas, Hodosh, Spinella & Angelone, Providence, R.I., for plaintiff.

Tillinghast Collins & Graham, Christopher Little, and John Voorhees, Providence, R.I., Theodore Voorhees, Jr. and Eric S. Koenig, Covington & Burling, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is presently before the Court on defendants' motion for reconsideration of this Court's January 12, 1989 Opinion and Order. In that decision, this Court denied a motion to dismiss two foreign corporate defendants, Allied Lyons PLC and Hiram Walker–Gooderham & Worts,

Ltd., for lack of in personam jurisdiction. In the alternative, defendants seek certification pursuant to 28 U.S.C. § 1292(b) to make an interlocutory appeal from that decision.

Specifically, defendants claim that this Court erred in refusing to consider extra-pleading material concerning their motion to dismiss, and in founding personal jurisdiction on plaintiff's allegation that the foreign defendants engaged in a conspiracy to tortiously interfere with plaintiff's business relationships. Defendants claim that the conspiracy allegation is merely conclusory and thus "insufficient as a matter of law."

The background of the instant matter is discussed at length in this Court's prior Opinion and Order reported as *Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417 (D.R.I.1989). Since all the parties are familiar with the relevant events, the Court will not now launch into a long rehash of the case. Suffice it to say, this Court found that plaintiff's allegations of tortious conduct by the foreign defendants, if true, would subject them to this forum's specific in personam jurisdiction. The Court accepted plaintiff's allegations as true and exercised its broad discretion in refusing to consider defendants' extrapleading material because the relevant information is in control of the defendants and the issue of jurisdiction is inextricably intertwined with the merits of the case. Therefore, the Court ruled, it would be unfair to the plaintiff to force it to prove its claim prior to full-blown discovery.

## DISCUSSION

In this Memorandum and Order the Court will first examine defendants' motion for reconsideration. The Court will pay particular attention to the issue of what material it should have examined in deciding the motion to dismiss, and the question of what allegations are necessary to plead a valid conspiracy cause of action. In addition, this opinion will discuss the *Copperweld* issue raised by defendants. Then, the Court will evaluate defendants' request for § 1292(b), interlocutory certification.

## I. *Motion for Reconsideration*

### A. Extra–Pleading Material

This Court refused to consider defendants' extra-pleading material and to, in effect, force plaintiff to produce evidence proving that the foreign defendants had established the requisite contacts with Rhode Island to subject them to this forum's specific in personam jurisdiction. Instead, the Court exercised its broad discretion in relying solely on the allegations of plaintiff's amended complaint concerning conspiratorial activity by the foreign defendants.

■ The United States Supreme Court has noted that "there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Gibbs v. Buck*, 307 U.S. 66, 71–72, 59 S.Ct. 725, 728–29, 83 L.Ed. 1111 (1939). As is detailed in this Court's previous ruling, a trial court has broad discretion to determine what, if any, extra-pleading material it will examine when deciding a motion to dismiss for lack of personal jurisdiction. *Cf.* Fed.R.Civ.P. 12(b) (concerning court discretion to consider or not consider extra-pleading material in Rule 12(b)(6) motions to dismiss). Apparently, defendants recognize that the Court has broad discretion in this area because they repeatedly assert that the Court *"may"* examine such material and not that the court *must* examine such material.

■ In its earlier Opinion, this Court refused to force plaintiff to produce evidence concerning the foreign defendants' alleged conspiratorial activity. Such activity constitutes the jurisdictional contact with this forum. To put plaintiff to this task prior to discovery would be wrong for several reasons. First, the jurisdictional issue is so intertwined with the merits of the case that meaningful jurisdictional discovery, in this instance, would be equivalent to full-blown pretrial discovery. Conspiracy is an activity which by its very nature is secretive. Therefore, in many cases it is only through discovery that one can root out its existence. Second, any relevant evidence is most likely to be under defendants' control.

Therefore, it would be unfair to plaintiff to require proof of forum contacts at this early stage.

Defendants argue that plaintiff obtained all the discovery it requested. This statement is true so far as it goes; however, defendants fail to acknowledge that when asked if it desired more jurisdictional discovery, plaintiff stated that it believed it would be able to prove the existence of the conspiracy—and thus personal jurisdiction—through normal discovery. Perhaps plaintiff, unlike defendants, recognized how inefficient it would be to conduct extensive discovery concerning the alleged conspiracy for jurisdictional purposes, when it is clear that plaintiff will pursue its action against the other defendants in any event, and will conduct discovery concerning the alleged conspiracy for trial purposes. Some duplication would be bound to occur.

In sum, this Court is satisfied with its determination to treat plaintiff's allegations as true for purposes of the defendants' motion to dismiss due to the inseparability of the jurisdictional issue from the merits of the case, and the relative positions of the parties with respect to the relevant sources of information.

### B. Conspiracy

■ Defendants argue that plaintiff's conspiracy claim is invalid because it contains only "a conclusory allegation of conspiracy unaccompanied by any factual allegations" purporting to show the existence of conspiratorial conduct. Therefore, defendants contend, the conspiracy charge cannot serve as a basis for the exercise of specific in personam jurisdiction. This Court finds that plaintiff has pled sufficient factual allegations in its amended complaint from which a clear inference of conspiracy may be drawn. In light of the current pre-discovery posture of the litigation and the nature of conspiracy itself, such allegations are sufficient to withstand defendants' motion to dismiss.

As plaintiff detailed in its memorandum opposing the instant motion for reconsideration or interlocutory certification: "It does not require a leap of the imagination, upon a review of the factual allegations of plaintiff's amended complaint, to recognize the inference of a conspiracy amongst defendants." Plaintiff alleges that, with the consent and active involvement of one of the subsidiary defendants, Allied Breweries Overseas Trading Ltd. ("ABOT"), plaintiff signed a letter of intent on November 24, 1987 to assign its Double Diamond distribution rights to Simon Levi Company Ltd. ("Simon Levi") for $275,000. However, two days later, on November 26, 1987, ABOT informed Simon Levi that its parent company, Allied Lyons PLC, had acquired a 100% interest in Hiram Walker–Gooderham & Worts, Ltd. which owned Associated Importers, Inc. Therefore, ABOT allegedly informed Simon Levi, the distribution rights might be assigned to Associated Importers, Inc. instead.

Plaintiff alleges that from this point on, defendants acted so as to undermine the Simon Levi sale. Eventually, ABOT issued an ultimatum to plaintiff to sell its Double Diamond distribution rights to Associated Importers, Inc. for far less money than Simon Levi had offered, or ABOT would terminate plaintiff's Double Diamond distribution contract. When plaintiff refused, ABOT cancelled the contract.

As plaintiff states in its memorandum, "[t]he inference is clear; once it became apparent to Allied Lyons [PLC] that it could keep the Double Diamond rights 'in the family,' this Defendant, along with its subsidiaries, conspired to prevent the assignment of the Double Diamond rights to Simon Levi and instead attempted to coerce Plaintiff into selling its rights to Associated [Importers, Inc.]."

Perhaps it was merely a coincidence that ABOT suddenly decided to kill the proposed Simon Levi deal after Associated Importers, Inc. became an intra-conglomerate subsidiary of ABOT's parent company, Allied Lyons PLC. Perhaps ABOT acted alone without direction from Allied Lyons PLC in allegedly injuring plaintiff. However, the inference that the foreign defendants conspired to interfere with plaintiff's business relationships is strong enough, at the pleadings stage, to save the amended complaint from dismissal.

To accept defendants' argument that plaintiff's claim is too conclusory raises the issue of what defendants would have plaintiff plead. As previously stated, conspiracy is an activity which by its very nature is not done in the open for all to see. Since defendants are likely in control of any relevant evidence, it would be manifestly unfair to force plaintiff to plead specific facts proving particular conspiratorial acts prior to giving plaintiff the opportunity to conduct discovery. On the other hand, a plaintiff should not be permitted to hale a defendant into court based only on a bald-faced, conclusory assertion of conspiracy with no supporting factual allegations.

■ Considering the allegations of plaintiff's amended complaint in the light most favorable to plaintiff, the Court finds that plaintiff's factual allegations implying a conspiracy are sufficient to demonstrate specific personal jurisdiction in this matter. If plaintiff's allegations are made in bad faith or for an improper purpose, defendants are free to seek sanctions pursuant to Fed.R.Civ.P. 11, or the Court may impose them on its own.

In passing, defendants contend that Allied Lyons PLC cannot be guilty of conspiring with its subsidiaries to tortiously interfere with a business relationship because "the United States Supreme Court has held that parent and subsidiary corporations are a single actor incapable of conspiring as a matter of law." Defendants cite *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). To the contrary, the *Copperweld* decision was limited "to the narrow issue squarely presented: whether a parent and its wholly-owned subsidiary are capable of conspiring *in violation of § 1 of the Sherman Act.*" *Id.* 467 U.S. at 767, 104 S.Ct. at 2739 (emphasis added). The Supreme Court explicitly stated that the "appropriate inquiry in this case ... is not ... whether the term 'conspiracy' will bear a literal construction that includes parent corporations and their wholly-owned subsidiaries." *Id.* at 776, 104 S.Ct. at 2744.

Even if *Copperweld* did implicate the general issue of conspiracy between a corporation and its wholly-owned subsidiaries, it would still not be controlling in the instant case. Defendants forget that this Court, sitting in diversity jurisdiction, must apply the substantive law of the State of Rhode Island. Plaintiff's conspiracy charge concerns the substantive state law of conspiracy and tort. Therefore, decisions concerning conspiracy actions under federal statutes are not applicable.

Finally, it would be incongruous to, on the one hand, hold that Allied Lyons PLC is incapable of conspiring with its wholly-owned subsidiaries because they are one entity, and then to hold that this foreign defendant is not subject to this forum's personal jurisdiction through its subsidiaries because they are separate legal entities. Moreover, defendants would have this Court rule that Allied Lyons PLC is not responsible for the alleged tortious interference of its subsidiaries because they are separate entities, but then hold that Allied Lyons PLC could not have conspired with its subsidiaries because they are one single entity. "Having one's cake and eating it, too, is not in fashion in this circuit." *United States v. Tierney*, 760 F.2d 382, 388 (1st Cir.1985).

## II. *Interlocutory Certification*

■ Congress intended that interlocutory certification pursuant to 28 U.S.C. § 1292(b) be granted "only in exceptional circumstances." *Cummins v. E.G. & G Sealol, Inc.*, 697 F.Supp. 64, 68 (D.R.I. 1988). In *Cummins* this Court discussed at length the conditions under which § 1292(b) certification of an interlocutory order is appropriate. A party seeking certification must satisfy each prong of a three-part test. *Id.* The moving party must "demonstrate that the order 1) 'involves a controlling question of law,' 2) 'to which there is substantial ground for difference of opinion,' 3) 'and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)).

In the instant matter, defendants have failed to satisfy prongs two and three of the § 1292(b) test. Therefore their motion must be denied. This Court is satisfied

that its rulings on the jurisdictional and conspiracy issues are correct and that no "substantial ground for difference of opinion" of the sort contemplated by § 1292(b) exists. Moreover, since defendants' motion to dismiss concerns only two of five defendants, an interlocutory appeal could not "materially advance the ultimate termination of the litigation." Even if this Court is in error and the two foreign defendants should be dismissed from this action, the case would still proceed against the remaining defendants. Finally, this is not the type of prolonged litigation for which a piecemeal appeal is justified.

## CONCLUSION

Defendants' motion seeking reconsideration of the Court's January 12, 1989 Opinion and Order, or in the alternative, asking for permission to take an interlocutory appeal is denied. This Court is satisfied with its rulings on the impropriety of reviewing extra-pleading material and the sufficiency of plaintiff's conspiracy allegation. Furthermore, this is not the type of exceptional interlocutory order for which § 1292(b) certification is appropriate.

Therefore, defendants' motion is denied.

*It is so Ordered.*