In the Matter of Angela
GIGUERE, Debtor.

KELLY, HOWE & SCOTT, Plaintiff,

v.

Angela GIGUERE, Defendant.

Civ. A. No. 94–661.

United States District Court,
D. Rhode Island.

Nov. 7, 1995.

David A. Schecter, Providence, RI, for Debtor.

Peter J. Furness, Providence, RI, for Arnold Blasbalg, Chapter 7 Trustee.

Francis S. Holbrook II, Newport, RI, for Kelly, Howe & Scott.

Office of the U.S. Trustee, Sheryl Serreze, Providence, RI.

## MEMORANDUM AND ORDER

TORRES, District Judge.

Angela Giguere has appealed from an order of the Bankruptcy Court dated November 10, 1994, (1) denying her motion to dismiss her Chapter 7 bankruptcy case; (2) granting the trustee's application to employ counsel and (3) granting the trustee's motion for an examination of Giguere pursuant to Bankruptcy Rule 2004. For reasons stated below, Giguere's appeal is denied and dismissed.

### Facts

Angela Giguere filed a Chapter 11 petition on April 1, 1991. Approximately two years later, her third amended plan (for reorganization) was confirmed.

Shortly before confirmation, the law firm of Kelly, Howe & Scott, which had not been listed as a creditor in Giguere's petition, filed an adversary proceeding claiming that Giguere owed it $1,300 in legal fees and objecting to her discharge. Giguere disputes that claim and it is the subject of litigation in state court.

After hearing evidence in the adversary proceeding, the Bankruptcy Judge found that Giguere had intentionally concealed assets and material information regarding her financial condition and that the confirmation order was procured by fraud. Accordingly, the Bankruptcy Court vacated the order of confirmation and revoked Giguere's discharge pursuant to 11 U.S.C. § 1144. The Court, later, granted a motion to convert Giguere's case to a Chapter 7 proceeding. Giguere's appeal from that order was denied by this Court on March 7, 1995.

In August of 1994, Giguere moved to dismiss the Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 707(a) on the ground that "she intends to pay in full the claims of all unsecured creditors, together with the costs of this matter, including trustee's fees, within ten days of" her motion being granted. She did not include Kelly, Howe & Scott among the creditors she proposed to pay because she continued to dispute their claim. The trustee, simultaneously, requested authorization, pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a), to employ counsel and moved for an order compelling Giguere to appear for an examination regarding her financial condition pursuant to Bankruptcy Rule 2004. The Bankruptcy Court denied Giguere's motion to dismiss and granted the trustee's motions for appointment of counsel and for an examination of the debtor. It is that order that is the subject of this appeal.

### Discussion

*Jurisdiction*

Although neither party has raised the question of jurisdiction, it is a question that must be addressed. *See, In re Beker Industries Corp.,* 89 B.R. 336, 340 (S.D.N.Y.1988) ("a court must consider the question of its subject matter jurisdiction whether or not the issue is raised by the parties"); *In re Hebb,* 53 B.R. 1003, 1004 (D.Md.1985) ("The threshold issue presented is whether the Court should entertain this appeal at the present time. Though neither party has raised this point, the Court will decide this jurisdictional question on its own motion").

■■■■ The District Court's jurisdiction over bankruptcy appeals is governed by 28

U.S.C. § 158.[1] The statute provides two basic avenues of appeal. A party may appeal, as a matter of right, from final judgments, orders or decrees. 28 U.S.C. § 158(a)(1). In addition, under § 158(a)(3), the District Court has discretion to permit appeals from interlocutory orders where "substantial grounds for difference of opinion exist as to the controlling questions of law and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re National Office Products*, 116 B.R. 19, 21 (D.R.I.1990) (quoting *In re Bertoli*, 58 B.R. 992, 995 (D.N.J.1986), *aff'd*, 812 F.2d 136 (3d Cir.1987)). Bankruptcy Rule 8003 permits the District Court to treat a premature notice of appeal as a motion for leave to appeal. *In re National Office Products*, 116 B.R. at 20.

The order at issue in this case is not a final order within the meaning of § 158(a)(1). It is true that the term "final order" is construed more liberally in the context of bankruptcy appeals than in the context of ordinary civil litigation. In bankruptcy cases an order need not resolve the entire litigation or irrevocably decide the rights of all parties in order to constitute a final order. It "need only conclusively determine a discrete dispute." *In re National Office Products*, 116 B.R. at 20; *see also In re G.S.F. Corp.*, 938 F.2d 1467, 1472–73 (1st Cir.1991).

Most courts considering the question have held that denial of a motion to dismiss is not a final order because it does not end the litigation or any discrete part of the litigation to which it may relate. *See, In re Warner*, 94 B.R. 734 (M.D.Fla.1988) (denial of a debtor's motion to dismiss his voluntary Chapter 11 case is not a final order); *In re Empresas Noroeste, Inc.*, 806 F.2d 315, 316–317 (1st Cir.1986) (denial of motion to dismiss trustee's action contesting status of secured creditor is not a final determination but merely allows the trustee to proceed with his suit alleging a preferential transfer). On the

contrary, denial of a motion to dismiss, ordinarily, is the "antithesis" of a final order because, instead of terminating the case or any aspect of it, it allows the matter to proceed. *In re National Office Products*, 116 B.R. 19, 21 (D.R.I.1990); *In re Warner*, *supra*.

It is even more apparent that the portions of the Bankruptcy Court's order granting the trustee's motion for appointment of counsel and an examination of the debtor also are not final orders. *See, In re Nucor, Inc.*, 118 B.R. 786, 787 (D.Colo.1990) (order approving appointment of counsel under § 327 is not a final order and District Court has no jurisdiction to consider appeal); *In re Blinder, Robinson & Co.*, 127 B.R. 267 (D.Colo.1991) (order authorizing Bankruptcy Rule 2004 examination not a final appealable order).

In short, the order that is the subject of Giguere's "appeal" is an interlocutory order and there is no substantial ground for difference of opinion regarding controlling questions of law that would justify permitting Giguere to appeal from that order. Giguere argues, in essence, that because she has expressed a willingness to pay those persons whom she recognizes as creditors having valid claims, there is no reason to continue the bankruptcy case, and her motion to dismiss should be granted.

That argument is devoid of merit for a variety of reasons. First, it is based on the faulty premise that a debtor who voluntarily files a bankruptcy petition can terminate the proceeding unilaterally at any time. In fact, although "the debtor is free to file for bankruptcy, '... he does not enjoy the same discretion to withdraw his case once it has been commenced.'" *In re Schwartz*, 58 B.R. 923, 925 (Bankr.S.D.N.Y.1986) (quoting *In re Klein*, 39 B.R. 530, 532 (Bankr.E.D.N.Y. 1984)).

---

1. 28 U.S.C. § 158(a) states in relevant part:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title....

Moreover, as Giguere herself concedes, the test for determining whether a bankruptcy case should be dismissed is "whether dismissal is in the best interest of the debtor and his creditors." *In re Schwartz*, 58 B.R. at 925. Here, Giguere does not even propose to pay Kelly, Howe & Scott, one of the putative creditors. In addition, Giguere's proposal comes more than four years after her bankruptcy petition was filed thereby raising a serious question as to whether the proposal to pay other creditors is sufficient to overcome the prejudice they have suffered as a result of the delay. *See, In re Schwartz*, 58 B.R. at 925.

More importantly, granting Giguere's motion would invite fraud and abuse of the bankruptcy process. As already noted, the Bankruptcy Court found that Giguere misrepresented her financial condition by intentionally concealing assets and material information. That finding is reinforced by her recently discovered ability to pay creditors which came on the heels of the trustee's motion for a Rule 2004 examination. Those facts strongly suggest that Giguere's petition may have been filed for the purpose of hindering creditors through invocation of the Bankruptcy Act's automatic stay provisions and that Giguere may have engaged in additional fraudulent practices that were detrimental to creditors and abusive of the bankruptcy process. Under such circumstances, the Bankruptcy Court acted well within its discretion in denying Giguere's motion to dismiss in order to identify Giguere's assets and creditors and to insure an equitable distribution of those assets. *See, In re Schwartz*, 58 B.R. at 926.

Succinctly stated, there is no basis for this Court to review the Bankruptcy Court's order denying Giguere's motion to dismiss. That order was not a "final order" reviewable under § 158(a)(1). Furthermore, under the circumstances, the Bankruptcy Court was clearly correct in denying Giguere's motion and, therefore, Giguere's appeal presents no substantial grounds for concluding that there is a difference of opinion regarding controlling issues of law that would warrant reviewing the denial of Giguere's motion as an interlocutory order under § 158(a)(2).

Having determined that this Court has no jurisdiction to consider Giguere's appeal with respect to the denial of her motion to dismiss, it logically follows that jurisdiction is similarly lacking regarding those portions of the Bankruptcy Court's order appointing counsel for the trustee and authorizing a Rule 2004 examination. Those matters are clearly collateral and, under the circumstances, essential continuation to the proceedings in the Bankruptcy Court.

### Conclusion

Giguere's appeal from the order of the Bankruptcy Court dated November 10, 1994, is hereby denied and dismissed.

IT IS SO ORDERED.