**NORTHEAST SAVINGS, F.A.**

v.

**Louis A. GEREMIA.**

**In re Anna KALIAN.**

**Civ. A. No. 95–0225ML.**

United States District Court, D. Rhode Island.

Jan. 24, 1996.

---

Richard N. Morneau, Scott H. Moskol, Morneau & Murphy, Providence, RI, for plaintiff Northeast Savings, F.A.

Deena F. Christelis, Geremia, DeMarco & Christelis, Providence, RI, for defendant Louis Geremia.

John Paul Boyajian, Boyajian, Harrington & Richardson, Providence, RI, for Anna Kalian.

### *MEMORANDUM OPINION*

LISI, District Judge.

This matter is before this court on the appeal of Northeast Savings (Northeast)

from a decision of the United States Bankruptcy Court for the District of Rhode Island. In response to Northeast's application for appeal, the Trustee has filed a motion to dismiss. For the reasons stated, the Trustee's motion to dismiss is granted.

## Facts

This case was commenced as a voluntary chapter eleven proceeding on December 28, 1992. Northeast holds a mortgage and assignment of leases and rents on commercial property owned by the debtor and her son located at 711 Broad Street in Providence. On or about March 2, 1993, after a motion by Northeast to prohibit the use by the debtor of the rents received from the property, the bankruptcy court entered an order requiring the debtor to cure a post petition arrearage to Northeast and to make "go-forward" monthly payments. On or about August 12, 1993, upon the motion of the debtor, the bankruptcy court appointed Louis A. Geremia as Trustee. During the pendency of the case, the debtor, Trustee, and Northeast stipulated that the fair market value of the real estate was $500,000. As a result, Northeast had a secured claim for $500,000 and an unsecured claim for approximately $160,000.

In February 1994 the Trustee brought a motion seeking an order from the bankruptcy court that the monthly mortgage payments made to Northeast be applied to the principal portion of the debt because Northeast was an undersecured creditor. After a hearing at which all parties in interest were present, the bankruptcy court granted the motion. *In re Kalian*, 169 B.R. 503 (Bankr. D.R.I.1994). On or about December 7, 1994, the Trustee brought a motion asking the bankruptcy court to determine that Northeast was not entitled to any monthly mortgage payments during the pendency of the chapter eleven proceedings because Northeast was an undersecured creditor. On or about March 10, 1995, the bankruptcy court issued an order granting the Trustee's motion and denying Northeast receipt of monthly mortgage payments. In so ruling the bankruptcy court found that Northeast was an undersecured creditor and therefore not entitled to the payments.

## Discussion and Analysis

■ The issue presented for review arrives with a convoluted procedural history. The order that Northeast is appealing is the granting of the motion brought by the Trustee in which the Trustee averred that he was making a monthly payment that he had no legal obligation to make. Northeast seeks to preserve its agreement with the debtor, in essence an agreement to provide Northeast adequate protection. *See generally In re Mullen*, 172 B.R. 473 (Bankr.D.Mass.1994). "Adequate protection" describes the special protection afforded to holders of secured claims at the time of bankruptcy. *In re Jamaica House, Inc.*, 31 B.R. 192 (Bankr. D.Vt.1983). While Northeast attempts to cast the issue otherwise, this case presents a situation where the Trustee ✱petitioned for the termination of Northeast's side agreement with the debtor on the basis that Northeast was not legally entitled to "adequate protection."

■ This court's jurisdiction over bankruptcy appeals is regulated by 28 U.S.C. § 158. The statute provides for two fundamental courses of appeal. *In re Giguere*, 188 B.R. 486 (D.R.I.1995). A party may appeal as a matter of right "from final judgements, orders, and decrees [of bankruptcy courts]." 28 U.S.C. § 158(a)(1); *In re Giguere*, 188 B.R. at 488. In addition, the district court has discretion to permit appeals from "other interlocutory orders and decrees [of bankruptcy courts]." 28 U.S.C. § 158(a)(3); *In re Giguere*, 188 B.R. at 488. The statutes and the rules governing such appeals do not provide district courts with standards for examining such requests. *See* 28 U.S.C. § 158; Bankr.R. 8001, 8003; *In re Murray*, 116 B.R. 6 (D.Mass.1990). Courts construing the interlocutory provisions of 28 U.S.C. § 158 have adopted the standards of review for certification of interlocutory appeals pursuant to 28 U.S.C. § 1292(b). *In re Giguere*, 188 B.R. 486, 488 (D.R.I.1995); *In re National Office Products Inc.*, 116 B.R. 19, 21 (D.R.I.1990); *In re Murray*, 116 B.R. 6, 8 (D.Mass.1990). Bankruptcy Rule 8003 permits the district court to require the appellant to file a motion for leave to appeal or it

may treat an improperly filed appeal as a request for leave to appeal. *In re Giguere,* 188 B.R. at 488. Because this court finds that this is an interlocutory order it treats Northeast's improperly filed appeal as a request for leave to appeal.

"Even though a somewhat loosened standard of finality obtains in bankruptcy appeals ... the exceptions are narrowly limited in order to avoid piecemeal review." *In re Casal,* 998 F.2d 28, 31 (1st Cir.1993). The order at issue in this case is not a final order within the parameters of § 158(a). A "bankruptcy court's denial of [a] request for 'adequate protection' is interlocutory [in nature] and not appealable." *In re Public Service Company of New Hampshire,* 879 F.2d 987, 988 (1st Cir.1989) (citing *In re Alchar Hardware,* 730 F.2d 1386 (11th Cir.1984)).

"Generally, federal law abhors piecemeal appeals disputing interlocutory ... orders." *Cummins v. EG & G Sealol, Inc.,* 697 F.Supp. 64, 67 (D.R.I.1988). Section 1292(b) of Title 28 of the United States Code establishes a three-prong test for determining the reviewability of interlocutory orders. A party pursuing § 1292(b) relief must show that the order (1) "involves a controlling question of law," (2) "to which there is *substantial ground* for difference of opinion," (3) "and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added). The movant bears the burden of persuasion under a § 1292(b) claim. *Cummins,* 697 F.Supp. at 69. That burden has been described as a "heavy one." *Bank of New York v. Hoyt,* 108 F.R.D. 184, 190 (D.R.I.1985). A § 1292(b) certification is discretionary in the first instance with the district court judge. *Id.* "[I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and *only in exceptional circumstances,* and where the proposed intermediate appeal presents one or more *difficult* and *pivotal* questions of law *not settled* by controlling authority." *McGillicuddy v. Clements,* 746 F.2d 76, 76 n. 1 (1st Cir.1984) (emphasis added), *see also In re Heddendorf,* 263 F.2d 887 (1st Cir.1959).

The case law in this Circuit indicates that the granting of § 1292(b) relief should be limited to "rare cases where the savings of costs to the litigants and increase in judicial efficiency is *great.*" *Cummins,* 697 F.Supp. at 68 (emphasis added). Section 1292(b) relief is usually reserved for complex and prolonged litigation such as an antitrust or a conspiracy matter. *Id.* The proffered saving of time of the district court and the saving of expense to the litigants is an essential element to be considered by the court in determining the propriety of § 1292(b) review. *Bank of New York,* 108 F.R.D. at 188–89. Likewise the third prong of the § 1292(b) test, the "materially advance" prong, is "[o]f key importance." *Cummins,* 697 F.Supp. at 68.

The denial of adequate protection is not a controlling question of law to which there is a substantial ground for a difference of opinion. *See generally United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). In *Timbers* the United States Supreme Court held that an undersecured creditor is not entitled to adequate protection unless its collateral is depreciating. *Id.* at 368–379, 108 S.Ct. at 628–35. There is no evidence in this record that supports the premise that Northeast's collateral is depreciating.

At oral argument, the Trustee advised this court that this matter had been converted from a voluntary chapter eleven to an involuntary chapter seven proceeding during the pendency of this appeal. Consequently, Northeast's claim would be a claim against a finite sum, i.e., the monthly payments which were retained by the Trustee from January 1995 until July 1995, the date when the matter was converted into an involuntary chapter seven proceeding. Furthermore, according to the Trustee's representations at oral argument, the Trustee is required to serve notice on all interested parties and obtain the bankruptcy court's approval before any disbursements are made from the funds. Consequently, Northeast is not prejudiced by the bankruptcy court's order and this court determines that any certification of this matter would not materially advance the ultimate

termination of the litigation; in fact it would have little effect, if any, on the termination of the litigation. This court therefore concludes that the order of the bankruptcy court is interlocutory in nature and that Northeast has not met its burden pursuant to § 1292(b).

Northeast raises other arguments which this court need not address because of the identification and disposition of the interlocutory matter and because this court has considered the contentions and deems them to be without merit.

Therefore, the Trustee's motion to dismiss is granted.