In re **PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, etc., Debtor.**

**FIRST FIDELITY BANK, et al., Plaintiffs, Appellants,**

v.

**PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, et al., Defendants, Appellees.**

**No. 89–1104.**

United States Court of Appeals, First Circuit.

Heard May 1, 1989.

Decided July 26, 1989.

John F. Pritchard, with whom Ted · A. Berkowitz, Sanford B. Kaynor, Jr., and Winthrop, Stimson, Putnam & Roberts, were on brief for plaintiffs, appellants.

Isaac M. Pachulski, with whom Richard Levin, Stutman, Treister & Glatt Professional Corp. and Sulloway, Hollis & Soden, were on brief for defendant, appellee Public Service Co. of N.H.

Barbara Gruenthal, with whom Daniel M. Glosband, Christopher T. Katucki and Goodwin, Procter & Hoar, were on brief for defendant, appellee United Illuminating Co.

Before BOWNES and BREYER, Circuit Judges, and GRAY,* Senior District Judge.

PER CURIAM.

First Fidelity Bank ("First Fidelity") is the Indenture Trustee for holders of Third Mortgage Bonds issued by the Public Service Company of New Hampshire ("Public Service"). The Indenture provides First Fidelity with a secured interest in a "Trust Estate," defined to include most of Public Service's real and personal property, such as its real estate, plant and equipment, along with "all tolls, rents, revenues, earnings, interest, dividends, royalties, issues, income and profits thereof." But, among items specifically excepted from the "Trust Estate," the Indenture lists "all cash, bonds, stocks, notes ... contracts, accounts receivable, notes and bills receivable" not specifically assigned to the Trustee. The Indenture nonetheless goes on to say that, if Public Service defaults on its payment obligations, and First Fidelity has "entered into possession of the trust estate," these latter excepted items (which the parties call "cash collateral") "shall immediately become subject to the lien hereof to the extent permitted by law."

On January 28, 1988, Public Service filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101 et seq. Three days later, Public Service defaulted on its obligation to pay interest on the Third Mortgage Bonds. First Fidelity then filed with the Bankruptcy Court a notice designed to perfect its secured interest in the previously excepted "cash collateral." See 11 U.S.C. § 546(b). First Fidelity then filed two motions, each asking for greater protection for its collateral. These motions referred to the need for "adequate protection" for 1) the "Trust Estate" and 2) the "cash collateral," which, in First Fidelity's view, had now become part of the Trust Estate. First Fidelity basically wanted the court to require Public Service "to use First Fidelity's cash collateral to make interest payments on the Bonds" while the bankruptcy proceeding lasted.

The Bankruptcy Court denied both motions. And, in denying First Fidelity's motion on the cash collateral, it gave two reasons. It said 1) that First Fidelity had not properly perfected its secured interest in the cash collateral; but 2) that, in any event, Public Service's financial position was such that First Fidelity's interest in all its collateral was "adequately" protected even without the additional protection that it wished.

First Fidelity then appealed to the district court the Bankruptcy Court's order denying it additional protection for its "cash collateral." The district court noted that First Fidelity attacked only the first legal finding of the bankruptcy court, the finding that Public Service had not properly perfected its interest in the cash collateral. First Fidelity accepted, for purposes of the appeal, the correctness of the second finding or, at least, it accepted the fact that it could not appeal the order insofar as it rested upon that finding. See In re Alchar Hardware, 730 F.2d 1386 (11th Cir.1984) (bankruptcy court's denial of request for "adequate protection" is interlocutory and not appealable). That being so, the district

* Of the Central District of California, sitting by designation.

court dismissed Fidelity's appeal. It said that First Fidelity "may not seek to appeal merely one legal conclusion in an order which denied its motion." First Fidelity now appeals the dismissal to us.

■ We find that the district court's order dismissing the appeal is legally correct. The bankruptcy court's denial of the relief that First Fidelity sought, namely increased protection for its "cash collateral," rests upon two independent legal grounds. That court, in its "conclusions of law," states the following:

> First Fidelity's § 546(b) Notice was ineffective to acquire, perfect or otherwise render enforceable the inchoate claim of First Fidelity in excluded property because: (a) such claim was not acquired, perfected, enforceable or choate prior to the Petition Date and (b) under New Hampshire law, if the security interest had been created, enforceable or choate as of the filing of the petition, the perfection of the security interest in excluded property would not have been effective against an entity acquiring rights in the excluded property prior to the date on which First Fidelity's security interest in such excluded property was perfected, enforceable and choate. *In re Prichard Plaza Associates Partnership*, 84 B.R. 289 (Bankr.D.Mass.1988); *Exchange National Bank v. Gotta (In re Gotta)*, 47 B.R. 198 (Bankr.W.D.Wis.1985).
>
> Furthermore, *even if First Fidelity had a perfected security interest in the cash collateral, that interest would be adequately protected by, inter alia, the equity cushion of First Fidelity in all of its collateral....*

(Emphasis supplied.) First Fidelity does not now attack the correctness of the second conclusion, that the "equity cushion" will "adequately protect[ ]" any "perfected security interest in the cash collateral."

The bankruptcy court's second conclusion provides a legally sufficient ground for its denial of relief; and, that fact, in turn, offers sufficient legal basis for the district court to have dismissed the appeal, whether or not the bankruptcy court's first ground is legally correct.

It is well settled that a judgment, which is correct in ultimate effect, will not be disturbed on appeal even though the lower court relied upon a wrong ground or gave an untenable reason for its action. *The issue on appeal is the correctness in ultimate effect of a judgment and not the reason or reasons given for it by the trial court.* If the judgment is sustainable upon any legal basis, it will be upheld on appeal despite the erroneous or untenable reasons given by that court for its entry.

(Emphasis supplied.) *Texaco, Inc. v. Holsinger*, 336 F.2d 230, 233 (10th Cir.1964), *cert. denied*, 379 U.S. 970, 85 S.Ct. 669, 13 L.Ed.2d 563 (1965). *See also Riley Co. v. Commissioner*, 311 U.S. 55, 59, 61 S.Ct. 95, 97, 85 L.Ed. 36 (1940) ("Where the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action."); *Plaine v. McCabe*, 797 F.2d 713, 722 (9th Cir.1986) (if opinion below is correct, it should be affirmed even if based on wrong grounds or wrong reasoning); *Russ' Kwik Car Wash v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985) (the decision of a district court must be affirmed if correct for any reason, even a reason not considered by the district court); *Scivally v. Time Ins. Co.*, 724 F.2d 101, 103 (10th Cir.1983) (trial court's decision will be affirmed, even when its basis is erroneous, when record reveals another ground which supports the decision). These cases indicate that even if a lower court decision rests entirely upon incorrect reasoning, the lower court judgment should be sustained when the law, as correctly applied, requires the same result. The case before us involves at least one ground sufficient to sustain the bankruptcy court order, that the parties concede is legally correct. Thus, it is *a fortiori* correct for the district court to affirm that order.

Indeed, neither we nor the district court could review the legal merits of the bankruptcy court's first ground without offering what would amount to an "advisory opinion" on the law, for whatever we might decide about the perfection of the security

interest in the cash collateral could in no way affect the correctness of the bankruptcy court's denial of relief. *See In re Brown Family Farms, Inc.,* 872 F.2d 139 (6th Cir.1989) (district court properly dismissed appeal from bankruptcy court decision, where appeal did not challenge all the bases for the bankruptcy decision, and the decision rested on an independent unchallenged ground); *Lake Holiday Property Owners' Association v. Unitrust Corporation (In re Unitrust Corp.)* 84 B.R. 517, 519 (N.D.Ill.1988) (when bankruptcy court ruling rests on two independent bases, resolution of only one of the issues would be advisory); *see also E.E.O.C. v. Commonwealth of Pennsylvania,* 768 F.2d 514, 516 n. 1 (3d Cir.1985) (appeal from reasoning of district court that was not essential to the judgment is not an appeal from the order of judgment and should be dismissed for lack of jurisdiction); *Bowles v. Rice,* 152 F.2d 543, 544 (6th Cir.1946) (conclusions of law are supplemental to an adjudication); *In re D'Arcy,* 142 F.2d 313, 315 (3d Cir. 1944) ("a statement in an opinion of the conclusion reached by the court, even though couched in mandatory terms, cannot serve as the order or judgment of the court").

Of course, should the "equity cushion" disappear, First Fidelity could renew its motion for adequate protection, and should it lose on the ground that it lacks a perfected security interest in the cash collateral, it could then appeal the denial. *Cf. Synanon Church v. United States,* 820 F.2d 421, 424–25 (D.C.Cir.1987) ("if a trial court decides a matter on alternative grounds, and an appellate court affirms on only one of these grounds, the preclusive effect is limited to the ground of affirmance").

For these reasons the judgment of the district court is

*Affirmed.*

█ Since these principles of law are well known, to the point where the appeal is close to frivolous, the appellants are assessed double costs.