SAN FRANCISCO PATROL SPECIAL POLICE OFFICERS; Samuel Reyes; Steven Russo; Serge White; Alan W. Stancombe; Calvin Wiley, Plaintiffs—Appellants,

v.

CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; San Francisco Police; San Francisco Police Commission; Fred Lau, Chief of Police; San Francisco Sheriff's Department; Michael Hennessey, Sheriff; San Francisco Deputy Sheriff's Association; San Francisco Police Officers' Association; Willie Brown, Mayor; Anthony Ribera; Frank Jordan, Defendants—Appellees.

No. 99–17192.

D.C. No. CV–98–02461–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2001.

Decided July 12, 2001.

Before MAGILL,* FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Appellants San Francisco Patrol Special Police Officers and various individual members of this organization (together, the "Patrol Specials"), brought suit in federal district court against the San Francisco Police Commission (the "Commission"), the City and County of San Francisco, the San Francisco Police and Sheriff's Departments, unions representing the Police and Sheriff's Departments (the "Union Defendants"), and a number of individual members of these entities. The Patrol Specials allege that the Commission's rules regulating the Patrol Specials' activities violate federal antitrust law and 42 U.S.C. § 1983. The district court dismissed the Patrol

* Honorable Frank Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Specials' claims under Rule 12(b)(6), and we affirm.

## I.

The Patrol Specials are a public/private security force sanctioned by the San Francisco City Charter. They are not city employees, but sell their services directly to businesses and individuals in San Francisco. The Commission defines a patrol special police officer as a "private patrolperson, who contracts to perform security duties of a private nature for private persons and businesses within the geographic boundaries set forth by the Police Commission."

On November 30, 1994, the Commission adopted new rules and procedures to govern patrol special police officers, which: (1) state that patrol special police officers are not "peace officers" as defined in the penal code, and are not city employees; (2) limit the ability of patrol special police officers to carry weapons; (3) require that patrol special police officers provide proof of workers' compensation insurance for themselves and their employees, and acquire comprehensive liability insurance naming the City of San Francisco as an additional assured; (4) prohibit patrol special police officers from advertising themselves as members or employees of the San Francisco Police Department; and (5) prohibit patrol special police officers from advertising or soliciting accounts by stating that there are crime conditions in any area "beyond the ability of the Police Department to control." On July 15, 1998, the Commission adopted additional rules requiring patrol special police officers to: (1) change their uniform color from dark blue to light blue; (2) submit to vehicle inspections; (3) submit all advertisements to the Chief of Police for approval; (4) annually provide information regarding clients to the Commission; (5) pay for their own uniforms and equipment; and (6) pre-pay the fee for their own annual training, which the rules increased from sixteen to twenty-four hours.

In June 1998, the Patrol Specials brought suit against the Commission, the City and County of San Francisco, the San Francisco Police and Sheriff's Departments, the Union Defendants, and a number of individuals in these entities. The Patrol Specials challenged the Commission's November 30, 1994 rules, as well as rules allegedly adopted on November 30, 1997, under (1) the Sherman and Clayton Acts and (2) 42 U.S.C. § 1983, alleging violations of the First Amendment and various torts. On November 2, 1998, District Judge Thelton E. Henderson dismissed the Patrol Specials' initial complaint, but granted leave to amend. Judge Henderson warned the Patrol Specials: "My present intent is to give you one careful motion to amend ... we are not going to amend every now and then until we get it right."

The Patrol Specials filed an amended complaint on November 16, 1998. Judge Henderson subsequently disqualified himself, transferring the case to District Judge Saundra Brown Armstrong. The Commission, the City and County of San Francisco, the San Francisco Police and Sheriff's Departments, and the individual defendants in these entities (together, the "City Defendants") filed a motion to dismiss. The Union Defendants filed a separate motion to dismiss. On September 16, 1999, Judge Armstrong granted both Rule 12(b)(6) motions, dismissing the Patrol Specials' claims.

In granting the City Defendants' motion to dismiss, Judge Armstrong first held that legislative immunity protected the individual defendants from liability under the Patrol Specials' antitrust claims. The district court next held that the Commission's rules were facially valid and thus were not preempted by the Sherman Act.

Alternatively, the court held that the state action immunity doctrine immunized the City Defendants from liability.

Judge Armstrong then turned to the Patrol Specials' second cause of action against the City Defendants under 42 U.S.C. § 1983. The court examined the declaration of Lieutenant Manuel Barretta, the Commission Secretary, who stated that the Commission did not conduct any business on November 30, 1997, as the Patrol Specials alleged, and did not adopt any rules regarding patrol special police officers in 1997. Since the Commission did not adopt rules on November 30, 1997, and the only remaining allegation was the Commission's adoption of the 1994 rules, the court dismissed the § 1983 claims as time-barred.

Alternatively, the district court held that res judicata barred the Patrol Specials' § 1983 claims against the City Defendants. In a prior state court action, a group of patrol special police officers, including several of the Appellants here, challenged the 1994 rules in a suit naming some of the defendants in this case. The state trial court denied the plaintiffs' petition in all relevant respects, and the California Court of Appeals affirmed. *Hart v. City & County of San Francisco*, No. A068916 (Cal.Ct.App. Nov. 23, 1998).

The district court dismissed the Patrol Specials' antitrust claim against the Union Defendants because the relief sought interfered with the right of San Francisco police officers and sheriffs to choose their own bargaining representative. The court dismissed the § 1983 claims against the Union Defendants because the Union Defendants are private parties and do not act under color of state law.

## II.

### A. The Antitrust Claim

The Patrol Specials argue that the district court erred in basing its dismissal of their antitrust claim on the state action immunity doctrine. This Court reviews de novo a district court's dismissal under Rule 12(b)(6). *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 531 U.S. 929, 121 S.Ct. 309, 148 L.Ed.2d 247 (2000). We must determine if it is beyond doubt that the Patrol Specials could prove no set of facts entitling them to relief. *See id.*

The district court dismissed the Patrol Specials' antitrust claim for three independent reasons: (1) federal antitrust law does not preempt the Commission's rules; (2) the state action immunity doctrine bars the claim; and (3) the legislative immunity doctrine bars the claim against the individual defendants. The Patrol Specials' appellate brief focuses exclusively on the district court's resolution of the state action immunity issue, ignoring the district court's independent bases for dismissing the claim.

■ When an appellant's brief attacks only one of several bases of a district court's decision, the appellant abandons the challenge of the district court's decision. *MacKay v. Pfeil*, 827 F.2d 540, 542 n. 2 (9th Cir.1987); *see also In re Public Serv. Co.*, 879 F.2d 987, 989–90 (1st Cir. 1989) (affirming the district court because the appellant challenged only one of two independent bases for the dismissal). In this case, the Patrol Specials do not dispute the court's alternative holdings, which dismissed the antitrust claim against all defendants because federal antitrust law does not preempt the Commission's rules, and against the individual defendants due to legislative immunity. Accordingly, we conclude that the Patrol Specials abandoned their appeal of the district court's dismissal of their antitrust claim, making it unnecessary to determine whether the district court correctly relied on the state

action immunity doctrine in reaching its decision.[1]

## B. The § 1983 Claim

The Patrol Specials contend that the district court erred in refusing to interpret their complaint as challenging the Commission's 1998 rules. In their complaint, the Patrol Specials challenged the validity of rules that the Commission allegedly adopted in November 1997. However, the Commission did not formally adopt new rules in November 1997. In fact, in November 1997, the Commission merely met to formulate new rules, which did not become official until June 1998. The Patrol Specials assert that we should reverse the district court's dismissal of a challenge to the June 1998 rules because "it is blatantly obvious that appellant's [sic] were [referring] to the 1998 rules" and "the district court was obliged to infer that the appellant's [sic] were challenging the 1998 rules." In the alternative, the Patrol Specials ask that we reverse the district court's refusal to grant leave to amend.

■ The Federal Rules of Civil Procedure require the plaintiff to provide a statement of his claim that gives "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Since the Commission is among the defendants, and it authored the June 1998 rules, we assume that at least some of the defendants had notice of the Patrol Specials' claims concerning the 1998 rules. However, we reject the Patrol Specials' contention that the district court "was obliged to infer" that their complaint challenged the 1998 rules, because the Patrol Specials apparently never explained to the district court

their error in challenging rules supposedly adopted in November 1997.

■ Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint by leave of the court, and leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Adam v. State of Hawaii*, 235 F.3d 1160, 1164 (9th Cir.2000) (noting that this Court applies Rule 15(a) liberally); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (stating that the underlying purpose of Rule 15 is to facilitate a decision on the merits, rather than on the pleadings or technicalities). In deciding whether to grant leave to amend, courts are guided by five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the party previously amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Futility alone can justify the denial of a motion for leave to amend. *Id.*

■ We review a district court's denial of a request to amend a complaint for abuse of discretion. *Adam*, 235 F.3d at 1164. The trial court's discretion is particularly broad when the court previously granted leave to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999). However, dismissal without leave to amend is improper unless de novo review demonstrates that an amendment could not save the complaint. *Adam*, 235 F.3d at 1164. In this case, the district court denied the Patrol Specials' request for leave to amend because "any amendment would be futile, and in light of Judge Henderson's prior admonition that plaintiff was to receive 'one careful motion to amend.'"

---

1. Since the Patrol Specials do not contest the district court's dismissal of their antitrust or § 1983 claims against the Union Defendants in their appellate briefs, they have waived any appeal concerning the Union Defendants.

675

■ We conclude that the district court did not abuse its discretion in refusing to grant the Patrol Specials' leave to amend their complaint. After dismissing the initial complaint, the district court warned the Patrol Specials: "My present intent is to give you one careful motion to amend ... we are not going to amend every now and then until we get it right." Despite this warning, the Patrol Specials again requested leave to amend, failing in the process to supply a proposed amended pleading, as the Local Rules of the Northern District requires for motions to amend. N. Dist. Cal. Civil L.R. 10–1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading...."). Moreover, the Patrol Specials' opposition to the defendants' motion to dismiss includes only a cursory discussion of what the proposed amended complaint would allege and does not mention the 1998 rules at all. Given the convergence of these factors, we hold that the district court did not abuse its discretion in denying the Patrol Specials' request for leave to amend.

■ The Patrol Specials also contend that the district court erred in considering the declaration of Lieutenant Barretta of the Commission. As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). Rule 12 provides that when

> matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c). There are, however, two exceptions to the general rule that consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a summary judgment motion. *Lee,* 250 F.3d at 688. First, a court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint. *Id.* Second, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Id.* at 689.

■ The Patrol Specials do not dispute the authenticity of the Baretta declaration. Moreover, although the declaration itself was not a matter of public record, the district court could have discovered that the Commission did not promulgate rules in 1997 simply by examining the Commission's official public records. Therefore, we uphold the district court's reliance on the Baretta declaration.

III.

We AFFIRM the district court's dismissal of the Patrol Specials' antitrust and § 1983 claims. We DENY the City Defendants' Motion to Strike and the Union Defendants' request for attorneys' fees.