**Daniel BECKER, Plaintiff–Appellant,**

v.

**CITY OF INDEPENDENCE; Independence Police Department; Wilson, Officer with the Independence Police Department; Hevland, Officer with the Independence Police Department; Roy, Officer with the Independence Police Department; Roberts, Officer with the Independence Police Department; Seefeldt, Officer with the Independence Police Department, Defendants–Appellees.**

No. 01–36047.

D.C. No. CV–00–01744–PA.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2003.*

Decided March 20, 2003.

Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

**MEMORANDUM ***

Daniel Becker appeals the district court's grant of summary judgment against him in his civil rights action against the City of Independence and four police officers (hereafter collectively "the officers") for alleged use of excessive force. *See* U.S. Const. amend. IV; 42 U.S.C. § 1983. We affirm.

(1) We have reviewed the record, including the videotape of the incident, and we are unable to say that the use of force was not objectively reasonable under the circumstances. *See Saucier v. Katz,* 533 U.S. 194, 204–05, 121 S.Ct. 2151, 2157–58, 150 L.Ed.2d 272 (2001); *Graham v. Connor,* 490 U.S. 386, 396–97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989); *Robinson v. Solano County,* 278 F.3d 1007, 1013–14 (9th Cir.2002) (en banc); *Scott v. Henrich,* 39 F.3d 912, 914–15 (9th Cir.1994); *see also Young v. Harrison,* 284 F.3d 863, 866 (8th Cir.2002); *cf. Headwaters Forest Defense v. County of Humboldt,* 276 F.3d 1125, 1130–31 (9th Cir.2002) (no good reason for particular use of force). Thus, the force used was not excessive, and Becker's Fourth Amendment rights were not violated.

(2) Even if the force used here were determined to be excessive, we would proceed to ask whether the officers' mistaken belief to the contrary was reasonable. *See Saucier,* 533 U.S. at 206–07, 121 S.Ct. at 2158–59. We would have to conclude that

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

it was. In other words, no clearly established right of Becker was violated. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Robinson,* 278 F.3d at 1015–16.[1]

AFFIRMED.

FISHER, Circuit Judge, Concurring.

Although I think that Officer Hevland's repeated use of the sternum rub was excessive under the circumstances of this case, he is entitled to qualified immunity because it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202.

---

1. Becker cannot succeed on his appeal of the district court's grant of summary judgment on his state tort claims because the judgment rested on two bases, and he does not attack one of them—the failure to give timely notice. *See MacKay v. Pfeil,* 827 F.2d 540, 542 n. 2 (9th Cir.1987); *see also First Fid. Bank v. Pub. Serv. Co. (In re Pub. Serv. Co.),* 879 F.2d 987, 989–90 (1st Cir.1989).