# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

## 01-6071MN

_____

In re:                                          *
                                                *
Coleman Enterprises, Inc., and                  *
American Cyber Corporation,                     *
                                                *
          Debtors.                              *
                                                *
Coleman Enterprises, Inc., and                  *   Appeal from the United States
American Cyber Corporation,                     *   Bankruptcy Court for the
                                                *    District of Minnesota
          Appellants,                           *
                                                *
          v.                                    *
                                                *
QAI, Inc. and                                   *
Pathfinder Capital, Inc                         *
                                                *
          Appellees.                            *

_____

Submitted: March 6, 2002
Filed: March 27, 2002

_____

Before KOGER, Chief Judge, SCHERMER, and FEDERMAN, Bankruptcy
Judges.

_____

FEDERMAN, Bankruptcy Judge.

Jointly-administered debtors Coleman Enterprises, Inc. and American Cyber Corporation (the Debtors) appeal from an Order of the bankruptcy court nullifying their small- business election and denying their motion to dismiss the bankruptcy cases. For the following reasons, we affirm the decision of the bankruptcy court to nullify the small-business election.[1] We further find that the portion of the order denying the motion to dismiss is not a final order, and we deny leave to appeal.

I
ISSUES PRESENTED

1. The Bankruptcy Code allows a business debtor to elect to proceed on a small-business track, if the debtor's aggregated, liquidated debt does not exceed $2,000,000.00. Debtors made a small-business election even though their aggregated, liquidated debt was in excess of $5,000,000.00. Was the election void *ab initio*?

2. The bankruptcy court denied Debtors' motion to dismiss their jointly-administered Chapter 11 cases. In the Eighth Circuit motions to dismiss can only be final orders if: (1) the order leaves the bankruptcy court nothing to do save execute the order; (2) a delay in obtaining review would prevent the aggrieved party from obtaining effective relief; or (3) a later reversal on that issue would require recommencement of the entire proceeding. Is denial of Debtors' motion to dismiss their bankruptcy cases a final order?

---

[1]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

## II
## DECISION

1. Debtors, by definition, were not small businesses at the time they filed their Chapter 11 petitions. They, therefore, did not satisfy the condition precedent to making a small-business election, making the election void *ab initio*.

2. The denial of a motion to dismiss does not remove the bankruptcy court from further proceedings, does not prevent the losing party from obtaining review at a later time, and would not result in recommencement of the entire proceeding in the event of a later reversal. Thus, such an order is interlocutory, and the appellate court has the discretion to deny leave to appeal the interlocutory order.

## III

On August 18, 2000, Coleman Enterprises, Inc. and American Cyber Corporation filed separate Chapter 11 bankruptcy petitions, and on September 18, 2000, the bankruptcy court entered an order for joint administration of the two cases. At the time of filing, Debtors elected to proceed as a "small business" under section 1121(e) of the Bankruptcy Code (the Code). The Code permits a debtor to proceed as a small business if it has less than $2,000,000.00 in noncontingent and liquidated debt.[2] Debtors' two largest unsecured creditors are QAI and Pathfinder Capital, Inc. (Pathfinder). On December 18, 2000, QAI filed an unsecured proof of claim in the amount of $2,629,000.00. On that same date, Pathfinder filed an unsecured proof of claim in the amount of $321,000.00. On May 7, 2001, both creditors amended their proofs of claim. QAI increased the amount of its claim to $3,406,252.42, and Pathfinder increased the amount of its claim to $1,664,545.04. Debtors did not file objections to these claims.

---

[2] 11 U.S.C. § 101(51C).

Section 1121(e) of the Code provides that, if a debtor is a small business, by the definition above, and makes the election to be considered as such, only the debtor may file a plan for the first 100 days after the case is filed. Moreover, under the small-business election, all plans have to be filed within 160 days.[3] At the end of the 160-day period no proposed plan of reorganization was on file. In the meantime, Debtors' financial picture had brightened. Debtors now wish to exit Chapter 11 and deal with their creditors under applicable state law. But QAI and Pathfinder have proposed their own plan of reorganization, which they would be free to do in a standard Chapter 11 case.[4] QAI and Pathfinder, therefore, filed a motion to abrogate the small-business election. The United States Trustee filed a motion to dismiss or convert for Debtors' failure to file a confirmable plan within the time constraints of the small-business election, and Debtors also filed a motion to dismiss. On May 22, 2001, the bankruptcy court held a hearing on all three motions, and on September 5, 2001, the court ruled on two of the three motions. The court held that Debtors were not a small business, based upon the amount of debt, therefore, it abrogated, or annulled,[5] the small-business election. The court also denied Debtors' motion to dismiss the case and allowed the case to proceed as a standard Chapter 11. The court held in abeyance the United States Trustee's motion to dismiss or convert until it had determined whether to confirm the plan proposed by QAI and Pathfinder. Debtors appealed both the bankruptcy court's denial of the motion to dismiss and its abrogation of the small business election.

IV

We first turn to the portion of the order nullifying Debtors' small-business election. A bankruptcy appellate panel shall not set aside findings of fact unless

---

[3] 11 U.S.C. § 1121(e).

[4] 11 U.S.C. § 1121(c).

[5] **Black's Law Dictionary** 2 (Bryan A. Garner, ed. 1996)

4

clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[6] We review the legal conclusions of the bankruptcy court <u>de novo</u>.[7]

In 1994, in order to streamline the reorganization process for smaller businesses, Congress amended the Code and added sections 101(51C) and 1121(e).[8] Section 101(51C) defines a small business as a person engaged in commercial or business activities, other than real estate, whose debts do not exceed $2,000,000.00. There are, thus, two eligibility requirements that must be satisfied before a debtor can elect to proceed under section 1121(e). A small-business debtor's primary activity cannot be "the business of owning or operating real property,"[9] and the small-business debtor's "aggregate noncontingent liquidated secured and unsecured debts" cannot exceed $2,000,000.00 on the petition date.[10]

The bankruptcy court found that Debtors' two largest unsecured creditors, QAI and Pathfinder Capital, Inc., asserted unsecured claims in these cases in the total amount of $5,070,797.46.[11] That finding is amply supported by the record, and, therefore, we find it is not clearly erroneous.

---

[6] *Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[7] *First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[8] HR Rep. 103-834, 103rd Cong., 2nd Sess. 30; 140 Cong. Rec. H10768 (Oct. 4, 1994); Pub. L. 103-394 § 217(d) (effective for all cases commenced after October 22, 1994).

[9] 11 U.S.C. 101(51C).

[10] *Id.*

[11] *In re Coleman Enterprises, Inc.*, 266 B.R. 423, 425 (Bankr. D. Minn. 2001).

An election made by a party who does not satisfy the eligibility requirements for that election is a nullity.[12] Section 101(51C) of the Code specifically states that a business is not considered a small business unless its aggregated and liquidated debt does not exceed $2,000,000.00.[13] Debtors argue that the debt to QAI and Pathfinder is disputed and subject to a lawsuit in state court. The definition of aggregated and liquidated debt, however, includes disputed debt.[14]

The most basic rule of statutory construction is that a statute must be interpreted to
mean what it says.[15] And section 1121(e) of the Code specifically limits the election to debtors who are, in fact, small businesses:

> (e) In a case in which the debtor is a small business and elects to be considered a small business--[16]

We find that the election was void *ab initio* because debtors were not small businesses as that term is defined by the Code. That finding does not nullify the Chapter 11 filing itself, just the small-business election. The cases continue as

---

[12]*See e.g. Frentz v. Commissioner*, 44 T.C. 485, 489 (1965) (holding that the filing of articles of incorporation is a statutory prerequisite to making an election for sub-chapter S status, therefore, an election made before the articles of incorporation are filed is void).

[13]11 U.S.C. § 101(51C).

[14]*In re Coleman Enterprises, Inc.*, 266 B.R. at 436 (discussing the inclusion of disputed debt in making an eligibility determination for Chapter 13 and citing *Barcal v. Laughlin (In re Barcal)*, 213 B.R. 1008, 1012 (8th Cir. B.A.P. 1997) and *In re Sitarz*, 150 B.R. 710, 725-26 (Bankr. D. Minn. 1993) for that premise).

[15]*In re Western Steel & Metals, Inc.*, 200 B.R. 873, 875 (Bankr. S.D. Cal. 1996).

[16]11 U.S.C. § 1121(a) (emphasis added).

Chapter 11 cases until the bankruptcy court makes a determination to confirm a plan of reorganization, to convert the cases to Chapter 7, or to dismiss.

Based on the above, we affirm the bankruptcy court, and hold that the small-business election was void, and of no force and effect.

V

Debtors also appeal the portion of the order denying their motion to dismiss. Debtors claim that the bankruptcy court erred, as a matter of law, in denying that motion. As a general rule, an order denying a motion to dismiss is interlocutory.[17] Appellate courts have jurisdiction to hear appeals from final orders,[18] and from interlocutory orders with leave of the court.[19] A party may only appeal an interlocutory order by filing both a notice of appeal and a motion for leave to appeal with the clerk of the bankruptcy court:

> **(b) APPEAL BY LEAVE; HOW TAKEN.** An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a) shall be taken by filing a notice of appeal . . . accompanied by a motion for leave to appeal prepared in accordance with Rule 8003.[20]

---

[17]*Dunkley v. Rega Properties, LTD. (In re Rega Properties, LTD.),* 894 F.2d 1136, 1138 n. 4 (9th Cir. 1990), *citing* **1 Collier on Bankruptcy** ¶ 507[5], 5-29-30 (Lawrence P. King, ed., 15th ed. rev. 2001).

[18]28 U.S.C. § 158(a)(1).

[19]*Id.* at § 158(a)(3).

[20]Fed. R. Bankr. P. 8001(b).

**(a) TEN-DAY PERIOD.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.[21]

Debtors in this case filed a notice of appeal, but they did not file a motion for leave to appeal. Nonetheless, we may consider a timely-filed notice of appeal as a motion for leave to appeal.[22] A decision to deny leave to appeal an interlocutory order is purely discretionary.[23] In determining whether a bankruptcy court order is final, the Eighth Circuit considers three questions. (1) Does the order leave the bankruptcy court anything to do save execute the order? Here, the bankruptcy court does have work remaining, namely, to determine whether any plan of reorganization can be confirmed and, if not, whether the case should then be converted to Chapter 7 or dismissed. (2) Would a delay in obtaining review prevent the aggrieved party from obtaining effective relief? Again, the answer is no. Two unsecured creditors have filed a plan of reorganization, and all of the parties-in-interest have the opportunity to participate in the confirmation process. If no confirmable plan is possible, the court can still decide to dismiss the case. But in the meantime, all issues involving the Debtors and their creditors might be capable of being resolved in a single forum. (3) Would a later reversal on that issue require recommencement of the entire proceeding?[24] Once more, the answer is no. Other courts that have found that denial of a motion to dismiss is not a final order, have done so because such an order does not end the litigation.[25] As the court stated in *In re Giguere*, "denial of a motion to dismiss, ordinarily, is the 'antithesis' of a final order because, instead of terminating

---

[21]Fed. R. Bankr. P. 8002(a).

[22]*Id.* at Rule 8003(c).

[23]*Dwyer v. Cohn (In re Dwyer)*, 244 B.R. 426, 431 (8th Cir. B.A.P. 2000); *Moix-McNutt v. Coop (In re Moix-McNutt)*, 215 B.R. 405, 408-09 (8th Cir. B.A.P. 1997).

[24]*Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1287 (8th Cir. 1997).

[25]*Kelly, Howe & Scott v. Giguere (In re Giguere)*, 188 B.R. 486, 488 (D.R.I. 1995).

the case or any aspect of it, it allows the matter to proceed."[26] We find that the portion of the order denying Debtors' motion to dismiss is an interlocutory order.

We have previously stated that when deciding whether to grant leave to appeal an interlocutory order it is helpful to apply the standards that govern certification of interlocutory appeals to the circuit courts.[27] According to section 1292(b) of Title 28 of the United States Code, appellate courts have jurisdiction over interlocutory appeals when the order "'involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate determination of the litigation.'"[28] Debtors argue that section 1121(e) requires the court to dismiss a small-business case, as a matter of law, if no plan of reorganization is on file within 160 days, therefore, as a matter of law, this case must be dismissed. But as shown above, Debtors' were not small businesses, and their small-business election was void *ab initio*.[29] Moreover, an immediate appeal will not materially advance the ultimate determination of the litigation. The bankruptcy court continues to process these cases. At some point, that court will either confirm a plan, convert the cases to Chapter 7, or dismiss them. It is those determinations that will ultimately resolve the dispute between these parties. We, therefore, find no basis to allow an appeal of this interlocutory order.

VI

ACCORDINGLY, based on our holding that the small-business election was void *ab initio*, we affirm the bankruptcy court's abrogation of that election. And we

---

[26] *Id.* (citations omitted).

[27] *Ramona Moix-McNutt v. Coop (In re Ramona Moix-McNutt)*, 215 B.R. 405, 408 (8th Cir. B.A.P. 1997) *(citing* 28 U.S.C. § 1292(b)).

[28] *Id.* at 409 n. 6 *(quoting* 28 U.S.C. § 1292(b)).

[29] 11 U.S.C. § 1112(b)(4).

deny Debtors' motion for leave to appeal the bankruptcy court's interlocutory order denying Debtors' motion to dismiss their cases.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT