# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 02-6058 WM

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Farmland Industries, Inc., d/b/a | * | |
| Livestock Services Division, d/b/a | * | |
| Farmland Livestock Services, d/b/a | * | |
| Honor Pet Products Co., d/b/a Premier | * | |
| Farmtech, d/b/a Marco Polo Salame | * | |
| Company, d/b/a Souza's Sausage | * | |
| Company, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| American Plant Food Corp., | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Interested Party-Appellant, | * | Western District of Missouri |
| | * | |
| v. | * | |
| | * | |
| United Agri Products, Inc., d/b/a | * | |
| UAP-Midsouth, | * | |
| | * | |
| Movant-Appellee, | * | |
| | * | |
| Farmland Industries, Inc., | * | |
| | * | |
| Debtor - Appellee. | * | |

Submitted: February 5, 2003
Filed: February 27, 2003

Before KRESSEL, Chief Judge, SCHERMER and DREHER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

American Plant Food Corporation ("American") appeals the bankruptcy court[1] orders reopening bidding for the purchase of certain debtor assets and approving a compromise and settlement governing procedures for the final auction. We have jurisdiction over this appeal. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUES

The first issue on appeal is whether the bankruptcy court order reopening bidding and the order approving a compromise establishing procedures for the final auction are interlocutory. We conclude that the orders are interlocutory; however, we choose to exercise our discretion to review the interlocutory orders.

The second issue on appeal is whether the bankruptcy court abused its discretion in reopening the bidding and approving the compromise. Included within this issue is whether the bankruptcy court erred when it found that the holder of a right of first refusal had not received notice of the proposed sale. We conclude that the bankruptcy court did not err in finding that the holder of the right of first refusal had not received notice of the sale nor did it abuse its discretion in reopening the bidding or in approving the compromise.

---

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

BACKGROUND

On August 16, 2002, Farmland Industries, Inc. ("Debtor") filed a motion to establish bid procedures and to approve the sale of a fertilizer warehouse to ConAgra Trade Group, Inc. ("ConAgra") pursuant to 11 U.S.C. § 363. On August 29, 2002, the bankruptcy court approved auction and bid procedures, pursuant to which the Debtor was to solicit additional bids and conduct an auction on September 9, 2002, if necessary. The court scheduled a hearing for September 10, 2002, to determine whether to approve a sale pursuant to the highest bid. Various parties submitted bids and the Debtor conducted an auction on September 9, 2002. American submitted the highest bid at the auction.

United Agri Products, Inc. d/b/a UAP-MidSouth ("UAP") appeared at the September 10 hearing and asserted a right of first refusal with respect to the fertilizer warehouse. UAP had not previously submitted a bid nor participated in the auction. The right of first refusal required written notice to UAP of any proposed transfer at least 40 days prior to the transfer.

The issue of whether UAP had received notice of the proposed sale arose at the hearing. The Debtor had not served a copy of the motion or notice of the sale or bid procedures on UAP. At the Court's invitation, UAP submitted an affidavit of its officer stating that UAP did not have notice of the sale. In response to the UAP affidavit, the Debtor submitted the affidavit of its employee stating that he had contact with Mr. Moses W. Vernon, Jr. in connection with the sale negotiations with ConAgra and that he believed Mr. Vernon was fully authorized to enter contracts on behalf of UAP.[2]

---

[2] UAP and ConAgra are related companies.

The court concluded that UAP had not received notice of the proposed sale. On September 17, 2002, it issued its order reopening the bidding, scheduling an auction in court on September 24, 2002, and authorizing American to submit higher bids and UAP to match any such bids at such final auction.

At the September 24 hearing, all parties except American reached a settlement pursuant to which UAP agreed to waive its right of first refusal, ConAgra agreed to waive its right to a break-up fee, and American, UAP, and Equalizer, Inc. would be allowed to participate in a reopened auction. The court concluded that the settlement was reasonable and entered its order dated September 25, 2002, approving the settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 and scheduling a judicial auction for October 22, 2002.

On October 4, 2002, American filed its appeal of the September 17 order reopening the bidding and the September 25 order approving the compromise. On October 21, 2002, we entered an order staying the September 17 and the September 25 orders. No final auction has yet occurred.

STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn, Inc.)*, 107 F.3d 558, 561-62 (8th Cir. 1997); *Brink v. Payless Cashways, Inc. (In re Payless Cashways, Inc.)*, 281 B.R. 648, 651-52 (B.A.P. 8th Cir. 2002). We review the bankruptcy court's decision to reopen the bidding and its decision to approve the compromise for an abuse of discretion. *Food Barn*, 107 F.3d at 558*; In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135 (8th Cir. 1984).

4

DISCUSSION

A.      Interlocutory Nature of Orders

To determine whether an order is final, we must consider the extent to which the order leaves the bankruptcy court with nothing to do but execute the order; the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and the extent to which a later reversal would require recommencement of the entire proceedings.  *Lewis v. United States, Farmers Home Admin.*, 992 F.2d 767, 772 (8th Cir. 2002); *Coleman Enters., Inc. v. QAI, Inc. (In re Coleman Enters., Inc.)*, 275 B.R. 533, 538 (B.A.P. 8th Cir. 2002); *Bryan v. Land (In re Land)*, 215 B.R. 398, 402 (B.A.P. 8th Cir. 1997).  The orders at issue schedule a judicial auction.  The bankruptcy court must conduct the auction, approve or disapprove a sale to the highest bidder at the auction, and address any other issues which may arise in connection with such auction.  The bankruptcy court has not effectively resolved the controversy and its remaining tasks are more than mechanical or ministerial.  With respect to the second factor, any delay is minimal.  Had the final auction been conducted as scheduled, it would have occurred on October 22, 2002, less than three weeks after American filed this appeal.  Furthermore, once the auction is completed, any party can appeal the sale and obtain an effective and timely resolution.  Finally, a later reversal after completion of the continued auction would not require extensive relitigation.  If the orders reopening the bidding were reversed on appeal, American would be able to pursue the same relief it is seeking now and the sale process would not have to be repeated.  On the other hand, if the orders are upheld on this appeal, the continued auction will still have to occur, and its results might ultimately be appealed, resulting in piecemeal litigation and repeated appeals.  Based on these factors, we conclude that the orders are interlocutory.

5

This court has discretion to consider interlocutory appeals. 28 U.S.C. § 158(a) and (b); *Lewis*, 992 F.2d at 771; *Coleman*, 275 B.R. at 538. We choose to exercise that discretion and therefore turn to the merits of the orders.

B.    UAP Did Not Receive Notice of the Sale.

The bankruptcy court was faced with the issue of UAP's right of first refusal when UAP appeared at the hearing and asserted such right for the first time. The court conducted a factual inquiry into whether UAP had received notice of the proposed sale as required by the right of first refusal. The evidence that UAP had not received a copy of the motion or notice was undisputed. The issue of actual notice was raised and the court gave UAP twenty-four hours to submit an affidavit. The Debtor also submitted an unsolicited affidavit on the subject. Evidence supports the conclusion that UAP was not given notice of the proposed sale as required by the terms of the right of first refusal. Therefore the bankruptcy court's finding must be upheld.

C.    The Reopened Bidding Process.

A bankruptcy court has considerable discretion in approving assets sales and is granted ample latitude to strike a balance between fairness, finality, integrity, and maximization of assets. *Wintz v. Am. Freightways, Inc. (In re Wintz Cos.)*, 219 F.3d 807, 812 (8th Cir. 2000); *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn, Inc.)*, 107 F.3d 558, 565-66 (8th Cir. 1997). The court must consider the bidders' reasonable expectations to encourage confidence in the process. Finality and regularity are important because they encourage interested parties to sincerely extend their best and highest offers. On the other hand, the court must be mindful of the interests of unsecured creditors and the goal of maximizing the value of the bankruptcy estate. *Food Barn*, 107 F.3d at 565-66. Prior to entry of an order confirming a sale, the court has broad discretion to conduct sales in the manner it

6

deems most appropriate. *Brink v. Payless Cashways, Inc. (In re Payless Cashways, Inc.)*, 281 B.R. 648, 652 (B.A.P. 8th Cir. 2002).

Here, the bankruptcy court carefully considered the countervailing interests of the bidders, including the expectations of American, and those of the Debtor and the creditors in maximizing price. American's legally relevant interest is its expectations surrounding the September 9 auction. American knew that after the auction the Debtor must present the highest bid to the court for approval on September 10. The bid procedures order and notice of sale which were served on American explicitly stated that a hearing would be conducted after the auction to determine "whether to approve the Wining Bid accepted by Seller as the highest or best bid at the Auction." Appellant's Appendix, p. 37. American thus knew that the sale could not be final until approved by the bankruptcy court. Therefore its justifiable expectations as a purchaser could not have crystalized to the point of certainty prior to the entry of an order approving the sale. To the extent auction procedures make it clear that a hearing and court approval is required before a sale can be consummated, a bidder is hard pressed to assert crystalized expectations of certainty. Here no such order has been entered and no reasonable expectations have been thwarted.

The court addressed the interests of the creditors in maximizing estate value by continuing the auction to provide the possibility of greater recovery as a result of the sale of this asset. The court also addressed the interests of fairness, integrity, and finality of the process, which are designed to maximize value, by deciding to preside over the continued auction and approve the results at the time of the auction. This minimizes the risk of any change of events between the time the auction is conducted and the time it is approved by the court which could potentially thwart expectations. We reiterate, however, that it is unlikely that reasonable expectations of certainty could ever exist prior to a hearing where court approval is required.

The court was also cognizant of the interests of UAP, the holder of the right of first refusal. The bankruptcy court struck a reasoned balance, honoring UAP's right of first refusal while granting American the right to increase its bid in light of this new development. The court did not abuse its discretion and its decision must be affirmed.

D.     Approval of the Compromise.

At the scheduled hearing on the continued auction, all parties except American agreed to modify the procedures for the final auction. UAP agreed to waive its right of first refusal. ConAgra agreed to waive its break-up fee. Equalizer, Inc., a participant in the original auction, was allowed to participate. The end result is designed to be a judicial auction with full participation, promoting the interests of fairness and finality and maximizing recovery for the estate. American is unhappy because the price of the fertilizer warehouse may increase as a result of the continued auction, resulting in American either paying more than its existing bid or deciding not to increase its bid to exceed another bidder's higher offer. American's unhappiness is not sufficient legal ground to reject the compromise. As discussed above, American's expectations regarding the sale had not sufficiently crystalized to render additional bidding unjust.

In evaluating a compromise under Federal Rule of Bankruptcy Procedure 9019, the proper considerations are the probability of success in litigation; the difficulties, if any, in collection matters; the complexity, expense, inconvenience, and delay necessarily attending the litigation; and the paramount interests of the creditors and a proper deference to their reasonable views. *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135 (8th Cir. 1984). Here, the bankruptcy court properly considered the risks attendant with litigation, the probabilities of success, the need for an expeditious sale, and the paramount interests of the Debtor and the creditors in maximizing value. The bankruptcy court did not abuse its discretion in approving the

compromise which itself furthered the goals underlying bankruptcy sales: fairness, finality, integrity, and maximization of assets. Accordingly, we must conclude that the bankruptcy court did not abuse its discretion in approving the compromise.

## CONCLUSION

The bankruptcy court did not err in finding that UAP had not received sufficient notice of the proposed sale as required by the right of first refusal. The bankruptcy court did not abuse its discretion in continuing the auction nor in approving the compromise regarding terms to govern the continued auction. Accordingly, we AFFIRM the court's order of September 17, 2002, continuing the auction and its order of September 25, 2002, approving the compromise.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT